# Exhibit 1

*Service Attempted*
*4:26 p.m. Jan. 13, 2011*
*Jaime M. Ol...*

1

2

3

4

5

6

7        SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

8

9    JAIME M. OLANDER, an individual,          NO.  11-2-02284-4

10                   Plaintiff,

11                                             SUMMONS

12        v.

13   RECONTRUST CORPORATION, a
     foreign corporation; BAC HOME LOANS
14   SERVICING LP, a foreign limited
     partnership; and MORTGAGE
15   ELECTRONIC REGISTRATION
     SYSTEMS, INC., a foreign corporation,
16
                     Defendants.
17

18   TO:    RECONTRUST CORPORATION
19
            A lawsuit has been started against you in the above-entitled court by the above-
20   named plaintiff.  Plaintiff's claim is stated in the written Complaint, a copy of which is
21   served upon you with this Summons.

22   To defend against this lawsuit, you must respond to the Complaint by stating your
     defenses in writing, and serve a copy upon the undersigned attorney for the plaintiff
23   within twenty (20) days after the service of this Summons upon you, excluding the day
     of service, if served within the State of Washington, or within sixty (60) days after
24   service if served outside the State of Washington, or a default judgment will be entered
     against you without notice.  A default judgment is one where plaintiff is entitled to what
25   (s)he asks for because you have not responded.  If you serve a Notice of Appearance
     on the undersigned attorney, you are entitled to notice before a default judgment may
26   be entered.
27
                                                      LAW OFFICES OF
28                                                  JAIME M. OLANDER
                                                     318 - 6ᵗʰ Ave. S. Ste 100
                                                        Seattle, WA 98104
     SUMMONS - 1                                         425 760-0789

7

1   You may demand that the plaintiff file this lawsuit with the court. If you do so, the
2   demand must be in writing and must be served upon the person signing the Summons.
    Within fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit
3   with the court, or the service upon you of this Summons and Complaint will be void.

4   If you wish to seek the advice of an attorney in this matter, you should do so promptly
5   so that your written response, if any, may be served on time.

6   This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
    State of Washington.

7
        DATED,  January 13, 2011.
8

9

10                                          By_____
11                                          Jaime M. Olander, *Pro Se*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          LAW OFFICES OF
28                                          **JAIME M. OLANDER**
                                            318 - 6ᵗʰ Ave, S. Ste 100
                                            Seattle, WA 98104
                                            425 760-0789

SUMMONS - 2

8

SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

| | |
|---|---|
| JAIME M. OLANDER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RECONTRUST CORPORATION, a foreign corporation; BAC HOME LOANS SERVICING LP, a foreign limited partnership; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation,<br><br>Defendants. | NO.  11-2-02284-4<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

Plaintiff above named states and alleges as follows:

## PARTIES

1.    Plaintiff resides within Snohomish County, Washington.  This action involves legal claims to real property located within Snohomish County, Washington.

2.    Upon information and belief, defendant Trustee Recontrust Corporation ("Recontrust"), is a foreign corporation doing business within Snohomish County, and wholly-owned subsidiary of Bank of America N.A.

3.    Upon information and belief, defendant BAC Home Loans Servicing LP

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

9

("BAC") is a foreign limited partnership doing business within Snohomish County, and wholly-owned subsidiary of Bank of America N.A.

4.    Upon information and belief, defendant Mortgage Electronic Registration Systems, Inc., ("MERS") is a foreign corporation doing business within Snohomish County.

JURISDICTION AND VENUE

5.    Jurisdiction and Venue are proper in the above-described court for Snohomish County, Washington.

ALLEGATIONS COMMON TO ALL CLAIMS

6.    Plaintiff is the legal owner of that certain residential real property ("Property"), commonly known as 1014 Rucker Avenue, Everett, Washington, Snohomish County Auditor's number(s) 00385421402300.

7.    Plaintiff retained the services of Joe Ennis of Countrywide Home Loans, located in Lynnwood, Washington, to procure financing for the purchase of the Property.

8.    On or about April 30, 2004, Olander entered into a promissory note and Deed of Trust with First Independent Mortgage Company, as security for a residential real property loan in the principal amount of $270,750.00.

9.    Prior to the document signing, Olander had dealt only with Ennis, and understood that Countrywide Home Loans was the lender. Olander had had no prior dealings with First Independent Mortgage Company, the nominal lender under the promissory note and Deed of Trust.

10.    In fact, and upon information and belief, at the time of the signing of the

LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6th Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

promissory note and deed of trust, First Independent Mortgage Company, which was listed in the Deed of Trust as "organized and existing under the laws of Washington," was a defunct Washington Corporation. According to the Washington State Secretary of State Corporation Division, First Independent Mortgage Company's corporate licensing expired on March 31, 2000, more than four years prior to the subject loan transaction. First Independent Mortgage Company was administratively dissolved on July 19, 2000.

11.     In fact, and upon information and belief, at the time of the signing of the promissory note and deed of trust, First Independent Mortgage Company's mortgage broker and/or loan originator license with the State of Washington Department of Financial Institutions had expired, and in fact First Independent Mortgage Company never maintained an office at the return address listed on Olander's deed of trust.

12.     Upon information and belief, First Independent Mortage Company was illegally and improperly listed as the "Lender" on Olander's promissory note and deed of trust as part of a fraudulent scheme by Countrywide Home Loans, for the purpose of, among other things, charging excessive and illegal fees for originating Olander's loan.

13.     The listing of First Independent Mortgage Company as "Lender" on Olander's promissory note and Deed of Trust violated numerous Washington Statutes, including but not limited to RCW 19.144.080, 19.146.0201, 19.146.103, pertaining to fraudulent acts by mortgage brokers/loan originators, and by extension the Washington Consumer Protection Act, RCW 19.86.010 et seq.

14.     As First Independent Mortgage Company was neither an existing nor a duly-licensed loan originator and/or mortgage broker at the time the Deed of Trust and

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

promissory note were executed, the Deed of Trust securing the promissory note was the product of fraud, and void at inception.

15.     As First Independent Mortgage Company was neither an existing nor a duly-licensed loan originator and/or mortgage broker at the time the Deed of Trust and promissory note were executed, the statutory requirements for a lawfully executed security interest have not been met, and the deed of trust may not be foreclosed through non-judicial trustee's sale.

16.     As First Independent Mortgage Company was neither an existing nor a duly-licensed loan originator and/or mortgage broker at the time the Deed of Trust and promissory note were executed, any purported assignment of First Independent Mortgage Company's contractual "rights" under the deed of trust are void.  No assignment is possible from a non-existent party to a void contract.

17.     Defendant MERS is not a party to the promissory note and is not a real party in interest with standing to enforce the deed of trust.  As specifically set forth in the Deed of Trust at page 2, MERS "is acting solely as a nominee for Lender and Lender's successors and assigns."  Having ceased to exist more than four years prior to the subject real property transaction, First Independent Mortgage Company could not in any sense "nominate" MERS to undertake any duty under the Deed of Trust.

18.     No assignment was ever recorded subsequently prior to September 3, 2010, from MERS to Defendant BAC.  The purported assignment from MERS to BAC is invalid as there is no valid proof of ownership of the note or rights under the Deed of Trust passing from First Independent Mortgage Company to BAC.

19.     The purported assignment from MERS to BAC is further invalid in that it

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

contains information consistent with the recent nationwide "robosigning" scandal.  In particular, the assignment is purportedly dated September 1, 2010, but not witnessed by the Notary until the following day, September 2, 2010.  This inconsistency creates a reasonable inference that the Notary did not in fact witness the signing of the document by "G. Hernandez."

20.     On or around October 4, 2010, defendant Trustees Recontrust caused a Notice of Trustee's Sale to be served on Olander pursuant to RCW Chapter 61.24, with trustee's sale scheduled for January 21, 2011.

21.     The Notice of Trustee's Sale contains information consistent with the recent nationwide "robosigning" scandal.  In particular, the notice is purportedly dated October 4, 2010, but not witnessed by the Notary until October 20, 2010, more than two weeks later.  This inconsistency creates a reasonable inference that the Notary did not in fact witness the signing of the document by "Roseann Bancroft."

22.     RCW 61.24.010 sets forth the qualifications for a trustee.  Among other qualifications, the Trustee must be one of the following entitites: a domestic corporation; a domestic professional corporation or attorney admitted to the Washington bar; the U.S. Government; or a national bank, savings bank, or savings and loan association chartered under the laws of the United States.

23.     Defendant Recontrust does not meet the requirements set forth in RCW 61.24.010.  According to information contained on its web site, Recontrust is a "wholly-owned subsidiary" of Bank of America N.A engaging in foreclosure services.

24.     The conditions precedent for a trustee's sale under RCW 61.24.030 have not been met.

LAW OFFICES OF
JAIME M. OLANDER
318 - 6th Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

13

25.     The trustee is not a fiduciary, i.e., it does not owe a duty of highest good faith to the contracting parties.  However, RCW 61.24.010(f)(4) imposes a duty of good faith upon the trustee, running to the borrower, beneficiary, and grantor.

26.     Under RCW 62A.3-103(4), which defines terms of art in connection with negotiable instruments, "'good faith' means honesty in fact and observance of reasonable commercial standards of fair dealing."

27.     Recontrust's failure to suspend the trustee's sale in light of the glaring deficiencies contained on the face of the documents constitutes a breach of the trustee's duties under RCW Chapter 61.24.

28.     The acts and/or omissions of the defendants described herein proximately resulted in damages to plaintiff in an amount to be proven at trial herein.

<u>BAD FAITH UNDER RCW CHAPTER 61.24</u>

29.     Plaintiff re-alleges paragraphs 1 through 28 as though fully set forth herein.

30.     The acts and omissions alleged herein were undertaken in negligent and/or intentional disregard for defendants' statutory duties.

31.     Defendants acted tortiously with respect to plaintiff.

32.     Defendants are liable for plaintiff's injuries and damages, in an amount to be proven at trial.

<u>BREACH OF CONTRACT</u>

33.     Plaintiff re-alleges paragraphs 1 through 28 as though fully set forth herein.

34.     The facts alleged constitute an actionable breach of the agreement

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

1    between plaintiff and defendants and/or defendant's predecessors in interest.

2    35.    Defendants, as successors in interest, are liable to plaintiff for the

3    damages arising from said breach of agreement, in an amount to be proven at trial.

4
5    36.    As a result of the fraud, misrepresentation, and illegality perpetrated by

6    Defendants and their predecessors, plaintiff is entitled to an order voiding the subject

7    Deed of Trust and promissory note.

8    37.    Plaintiff is entitled to recover reasonable attorney's fees and costs

9    incurred herein, as provided for in the promissory note and/or the Deed of Trust.

10                              INJUNCTIVE RELIEF

11
12   38.    Plaintiff re-alleges paragraphs 1 through 28 as though fully set forth

13   herein.

14   39.    Plaintiff is entitled to injunctive relief, pursuant to, without limitation, RCW

15   61.24.130, against all of the Defendants, enjoining the pending Trustee's Sale which

16   has been scheduled by Recontrust to sell the real property at public auction based

17   upon its failure to comply with the requirements of RCW Chapter 61.24 in the

18   performance, execution and service of the Notice of Default and/or Notice of Trustee's

19
20   Sale, and upon fraud, material misrepresentation, and illegality in the inception voiding

21   the Deed of Trust and promissory note.

22              RCW CHAPTER 19.144, 19.146 VIOLATIONS

23   40.    Plaintiff re-alleges paragraphs 1 through 28 as though fully set forth

24   herein.

25   41.    Through their acts and/or omissions, defendants engaged in unlawful

26   conduct under RCW Chapters 19.144 and 19.146.

27
28
                                        LAW OFFICES OF
                                     JAIME M. OLANDER
                                       318 - 6ᵗʰ Ave. S. Ste 100
                                        Seattle, WA 98104
                                          425 760-0789

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

42.     Plaintiff was harmed as a direct and proximate result of defendants'
unlawful conduct.

43.     Defendants are liable for damages proximately caused by their unlawful
conduct in an amount to be proven at trial.

### RCW CHAPTER 19.86 VIOLATIONS

44.     Plaintiff re-alleges paragraphs 1 through 28 as though fully set forth
herein.

45.     Plaintiff is entitled to recover all available damages under RCW Chapter
19.86 under RCW 19.146.100.

### RESERVATION

46.     Plaintiff reserves the right to amend his complaint.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for judgment against defendants as
follows:

1.     For special, general, incidental, consequential, and exemplary damages in
an amount to be proven at trial;

2.     For reasonable attorney's fees and costs incurred herein;

3.     For prejudgment and post-judgment interest in the maximum amount
allowed by law;

4.     For judgment enjoining all or some of the defendants, as the Court deems
appropriate, from conducting the above referenced Trustee's Sale to sell plaintiff's real
property at public auction;

5.     For such other and further relief as the Court deems just and equitable.

LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6ᵗʰ Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8

16

1    DATED,  January 13, 2011.

2

3

4

5                                By _____
                                    Jaime M. Olander, *Pro Se*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         LAW OFFICES OF
                                       JAIME M. OLANDER
                                       318 - 6ᵗʰ Ave. S. Ste 100
                                       Seattle, WA 98104
                                       425 760-0789

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

17

COPY RECEIVED

2011 JAN 13 PM 2: 26

SNOHOMISH COUNTY
SUPERIOR COURT

# SUPERIOR COURT OF WASHINGTON
# IN AND FOR SNOHOMISH COUNTY

| | |
|---|---|
| Jaime M. Olander | CASE NO.  **11-2-02284-4** |
| | **CALENDAR NOTE: (NTC)** |
| Plaintiff/Petitioner(s) | **CIVIL MOTIONS –** |
| | **JUDGES' CALENDARS** |
| vs. | |
| Recontrust Corp., et al. | Unless otherwise provided by applicable rule or statute, this form and the motion must be filed with the Clerk not later than five (5) court days preceding the date requested. CR 6(d) |
| Defendant/Respondent(s) | |

**SEE "WHERE TO NOTE VARIOUS MATTERS" ON PAGE 2**, TO DETERMINE WHAT MOTIONS ARE TO BE SET BEFORE THE CIVIL MOTIONS JUDGE VERSUS THE CIVIL MOTIONS COMMISSIONER VERSUS THE PRESIDING JUDGE.

**TO:** The Clerk of Court:

| | |
|---|---|
| **PRESIDING JUDGE'S CALENDAR** | Date requested: _____ |
| | (mm/dd/yyyy) |
| Monday through Friday @ 9:00 a.m. | |
| Department as Assigned | Nature of hearing: _____ |
| | (Confirm hearing at 425-388-3587) |
| **JUDGE'S CIVIL MOTIONS CALENDAR** | Date requested: Thursday, January 20, 2011 |
| | (mm/dd/yyyy) |
| Tuesday through Friday @ 9:30 a.m. | Motion for Preliminary Injunction w/ |
| Department as Assigned | Nature of hearing: Motion to Shorten Time for Hearing |
| | (Confirm hearing at 425-388-3587) |

18

**WARNING:** The moving party **MUST CONFIRM** by calling 425-388-3587 two (2) <u>court days</u> prior to the hearing **BEFORE 12:00 noon**, in order for the matter to be heard.

Failure to notify the Court of a continuance or strike may result in sanctions and/or terms.  SCLCR 7(b)(2)(H).

**This form cannot be used for trial settings.** SCLMAR 2.1 40(b).

See below for other confirmation and noting information.

| CERTIFICATE OF SERVICE BY MAIL: | Noted by: |
|---|---|
| I hereby certify that a copy of this document and all documents listed on page 3 have been mailed to the attorneys/parties listed on page 3, postage prepaid on the: HAND DELIVERED | _____ JMelcO_____ <br> (Signature) <br> Jaime Olander <br> (Printed name) <br> 25129 <br> WSBA# |
| Date (mm/dd/yyyy): 01/13/2011 | |
| _____ <br> (Signature) <br> Jaime M. Olander _Jaime Olander_ <br> (Printed name) | Attorney for: (CHECK ONE) <br> ☐ Petitioner/Plaintiff  ☐ Respondent/Defendant <br> ☒ Pro Se |

## WHERE TO NOTE VARIOUS MATTERS:

**COMMISSIONER CIVIL MOTIONS:**
The following are heard on the Court Commissioner's Civil Motion Calendar: Defaults, Discovery Motions and enforcement thereof; Supplemental Proceedings; Unlawful Detainer or Eviction & Receiver actions; Motions to Amend Pleadings and Petitions for Restoration of the Right to Possess Firearms.  Probate and Guardianship matters are set on the Probate/Guardianship calendar.

**PRESIDING JUDGE'S TRIAL CONTINUANCE CALENDAR:**
The following motions are heard on Presiding Judge's Trial Continuance Calendar: trial continuance, pre-assignment, expedited trial date, jury trial (untimely demand), motion to waive mediation requirement.

**\*\*All other civil motions are heard before the Civil Motions Judge\*\***

**EXTENDED MOTIONS BEFORE A COMMISSIONER:** Extended motions are set by the Court Commissioner, not by a party or by counsel.

**CONFIRMATION NOTES:** All matters set on the Judge's Civil Motion Calendar, Presiding Judge's Trial Continuance Calendar or Court Commissioner Calendars must be confirmed at 425-388-3587 two (2) <u>court days</u> prior to the hearing BEFORE 12:00 noon.  All other matters noted before an individual judge must be confirmed/continued by his/her law clerk.  Adoptions, reasonableness hearings and minor settlements are specially set and confirmed through the Civil Motions Judge's Law Clerk at 425-388-3421. If you reach voice mail when confirming, you must leave the requested information or the matter will not be confirmed/continued.

| <u>Calendar Notes should be filed at:</u> | <u>All Motions Heard At:</u> |
|---|---|
| **Snohomish County** | **Snohomish County** |
| **Superior Court Clerk's Office** | **Superior Court** |
| 3000 Rockefeller Ave M/S 605 | 3000 Rockefeller Ave |
| Everett, WA 98201 | Everett, WA 98201 |

Please print the names, addresses etc. of all other attorneys in this case and/or all other parties requiring notice.

Name: Recontrust Corporation

Address: 1801 West Bay Drive NW

Olympia, WA 98502

WSBA#: N/A

Phone # _____ Ext. _____

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff   ☐ Respondent/Defendant
☐ Pro Se

Name: _____

Address: _____

_____

_____

WSBA#: _____

Phone # _____ Ext. _____

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff   ☐ Respondent/Defendant
☐ Pro Se

Name: _____

Address: _____

_____

_____

WSBA#: _____

Phone # _____ Ext. _____

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff   ☐ Respondent/Defendant
☐ Pro Se

Name: _____

Address: _____

_____

_____

WSBA#: _____

Phone # _____ Ext. _____

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff   ☐ Respondent/Defendant
☑ Pro Se

Name: _____

Address: _____

_____

_____

WSBA#: _____

Phone # _____ Ext. _____

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff   ☐ Respondent/Defendant
☐ Pro Se

HAND DELIVERED CALENDAR NOTE, MOTION TO SHORTEN TIME, MOTION FOR PRELIMINARY INJUNCTION, DECLARATION OF JAIME M. OLANDER, ATTACHED

List all documents mailed: EXHIBITS 2-8.

_____

_____

_____

_____

1
2
3
4
5
6
7          SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY
8
9    JAIME M. OLANDER, an individual,          NO.  11-2-02284-4
10
                    Plaintiff,
11                                             PLAINTIFF'S MOTION TO
           v.                                  SHORTEN TIME
12
     RECONTRUST CORPORATION, a
13   foreign corporation; BAC HOME LOANS
     SERVICING LP, a foreign limited
14   partnership; and MORTGAGE
     ELECTRONIC REGISTRATION
15   SYSTEMS, INC., a foreign corporation,
16
                    Defendants.
17
18         Plaintiff Jaime Olander, *pro se*, moves the Court for an Order shortening time to
19
     hear Plaintiff's Motion For Preliminary Injuction.
20
21         Date set for hearing:            January 20, 2011
22         Date motion served:              January 13, 2011
23         Date motion sent for filing:     January 13, 2011
24
           Date motion would be heard
25         if motion not granted:           January 21, 2011
26         Date of Trustee's sale:          January 21, 2011
27
28                                              LAW OFFICES OF
                                             JAIME M. OLANDER
                                                318 - 6ᵗʰ Ave. S. Ste 100
                                                  Seattle, WA 98104
     PLAINTIFF'S MOTION TO SHORTEN TIME - 1        425 760-0789

21

## Authority

The Civil Rules permit the Court to shorten the time for hearing on a motion for good cause shown. Black's defines "good cause" as "a legally sufficient reason." *Black's Law Dictionary* (3d Ed. 2006).

In the present case, good cause exists to shorten the time for hearing on Olander's Motion for Preliminary Injunction. Under RCW 61.24.130, the trustee is entitled to 5 days notice of the Motion. The trustee will receive 7 days notice of the Motion. The statute makes no reference to the Civil Rules, but the trustee will receive the statutorily mandated notice even if Saturday and Sunday are omitted from the five-day period. Accordingly, the trustee is not prejudiced by this Motion.

If the Court does not hear the motion on January 20, 2011, the trustee will sell Olander's real property to the highest bidder on January 21, 2011. If that sale is later invalidated for any reason, significant resources, judicial, private, and otherwise, will have been expended for no reason.

Olander respectfully requests an order shortening time to hear his Motion for Preliminary Injunction.

DATED, January 13, 2011.


By _____
Jaime M. Olander, *Pro Se*

LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6ᵗʰ Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION TO SHORTEN TIME - 2

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 13, 2011, he caused a copy of this document, along with attachments and accompanying documents, to be served on the trustee via hand delivery.

DATED, January 13, 2011, at Seattle, Washington.

_____
Jaime M. Olander

PLAINTIFF'S MOTION TO SHORTEN TIME - 3

LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6th Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

23

1
2
3
4
5
6
7          SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY
8

| | |
|---|---|
| JAIME M. OLANDER, an individual, | NO.  11-2-02284-4 |
| Plaintiff, | |
| v. | PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| RECONTRUST CORPORATION, a foreign corporation; BAC HOME LOANS SERVICING LP, a foreign limited partnership; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation, | |
| Defendants. | |

### I.  Relief Requested

Plaintiff Jaime M. Olander moves the Court for entry of a preliminary injunction enjoining the defendants, Recontrust Corporation ("Recontrust"), BAC Home Loans Servicing LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), under that certain deed of trust originally recorded April 30, 2004, under Snohomish County Auditor's File No. 200404300433, from conducting a Trustee's Sale to sell at public auction the Plaintiff's real property, located at 1014 Rucker Avenue, Everett, Washington, pursuant to a notice of Trustee's Sale dated October 4, 2010.  This Motion is made pursuant to Washington Civil Rule 65 and RCW 61.24.130.

LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6ᵗʰ Ave. S. Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 1

## II.  Statement of Facts

### A.    Issues of illegality involving the Deed of Trust.

Based on serious defects and illegality in the underlying Deed of Trust, Plaintiff seeks a preliminary injunction to enjoin Recontrust from conducting a trustee's sale, scheduled for Friday, January 21, 2011, to sell plaintiff's property at public auction.

Plaintiff Jaime M. Olander is the legal owner of that certain residential real property ("Property"), commonly known as 1014 Rucker Avenue, Everett, Washington, Snohomish County Auditor's number(s) 00385421402300.  *See* Declaration of Jaime M. Olander attached hereto as Exhibit 1, at para. 3.

In or around March 2004, Olander retained the services of Joe Ennis of Countrywide Home Loans, located in Lynnwood, Washington, to procure financing for the purchase of the Property.  Ex. 1, para. 3.  Olander retained Ennis based on the personal referral of a mutual friend.  Ex. 1, para. 3.  On or about April 30, 2004, Olander entered into a promissory note and Deed of Trust with First Independent Mortgage Company, as security for a residential real property loan in the principal amount of $270,750.00.  *See* Exhibit 2, true copy of excerpt of Deed of Trust, pgs. 1-3, 15.

Prior to the document signing, Olander had dealt only with Ennis, and understood that Countrywide Home Loans was the lender under the promissory note and deed of trust.  Ex. 1, para. 4.  Olander had had no prior dealings with First Independent Mortgage Company, the nominal lender under the promissory note and Deed of Trust.  Ex. 1, para. 4.  Ennis never mentioned to Olander that First Independent Mortgage Company would be the lender in the transaction.  Ex. 1, para. X. Instead, Ennis had Stewart Title, the initial trustee under the Deed of Trust, schedule the document signing on April 30, 2004, immediately prior to closing.  Ex. 1, para. 5. Olander was given only a short period of time to review the documents, approximately 50 pages in all, prior to signing.  Ex. 1, para. 5.  Based on the representations of Ennis

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S, Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 2

1   and Stewart Title that the documents were bona fide, Olander executed the Deed of

2   Trust. Ex. 1, para. 5. The only other option available was to refuse to sign the

3   documents, at which point the property would have been gone to one of the other

4   potential buyers.

5          It was only years later, in 2008, that Olander learned of the investigation of

6   Countrywide Home Loans by the Washington Attorney General's Office for unfair and

7   deceptive loan origination practices, including the issuance of minimal documentation

8   or so-called "liar loans." *See* Exhibit 3, true copy of press release of Office of the

9   Attorney General dated October 6, 2008. As part of the settlement between

10  Countrywide Home Loans and the State of Washington, Countrywide (and its

11  successor, defendant BAC) was required to offer loan modification to borrowers in

12  danger of losing their homes through foreclosure. Ex. 3.

13         The loan Ennis arranged for Olander was a minimal documentation loan, and

14  was therefore covered under the Countrywide settlement. Ex. 1, para. 6. Olander was

15  never informed by Ennis that he could have potentially qualified for less expensive

16  funding by, for example, going through a more detailed qualification process. Ex. 1,

17  para. 6. Olander now believes that Ennis was encouraged by Countrywide to arrange

18  minimal documentation loans, as such loans generated additional fees for Countrywide

19  and Ennis, at the borrower's expense. However, in 2004, the subprime mortgage crisis

20  was several years away, and Olander had no reason to doubt that Ennis was acting in

21  his best interests. Ex. 1, para. 7.

22         Contrary to the requirements of the Countrywide Settlement, defendant BAC has

23  never offered Olander assistance in restructuring his loan or otherwise avoiding

24  foreclosure. Ex. 1, para. 8. To date, at least one state has brought suit against Bank of

25  America for failing to honor the terms of the Countrywide settlement with respect to

26  foreclosure relief. *See* Exhibit 4, true copy of press release, Office of Attorney General

27

28

LAW OFFICES OF
JAIME M. OLANDER
318 · 6ᵗʰ Ave. S. Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 3

1   Terry Goddard, dated December 17, 2010, announcing lawsuit by Arizona against Bank

2   of America "alleging violations of the Arizona Consumer Fraud Act and violations of the

3   consent judgment entered into March 2009 between Arizona and the Countrywide

4   companies owned by Bank of America."

5          **In fact, the subject Deed of Trust contains direct evidence of fraud,**

6   **misrepresentation, and illegality on the part of Countrywide**. As set forth above,

7   the nominal "lender," First Independent Mortgage Company, was listed in the Deed of

8   Trust as "organized and *existing* under the laws of Washington" (emph. added).

9   However, according to the Washington State Secretary of State Corporations Division,

10  First Independent Mortgage Company's corporate licensing expired on March 31, 2000,

11  more than four years prior to the subject loan transaction.  See Exhibit 5, true copy of

12  Corporations Division search result for Washington corporation First Independent

13  Mortgage Company, Inc.  First Independent Mortgage Company was administratively

14  dissolved on July 19, 2000.

15         Mortgage brokers and loan originators are regulated by the Department of

16  Financial Institutions under RCW Chapters 19.144 and 19.146.  A person may not

17  engage in the business of a mortgage broker or loan originator without first obtaining

18  and maintaining a license. RCW 19.146.200. At the time of the signing of the

19  promissory note and deed of trust on April 30, 2004, First Independent Mortgage

20  Company's mortgage broker and/or loan originator license with the State of Washington

21  Department of Financial Institutions had expired, and in fact First Independent

22  Mortgage Company never maintained an office at the return address listed on

23  Olander's deed of trust.  *See* Exhibit 6, true copy of Department of Financial Institutions

24  licensee database search result.

25         At all times following the closing of the subject real property transaction,

26  Countrywide Home Loans acted as the lender and beneficiary under the deed of trust

27

28

LAW OFFICES OF
JAIME M. OLANDER
318 - 6th Ave. S. Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 4

1  and promissory note.  In light of the subsequent consumer fraud investigation, closure

2  of Countrywide's offices, and merger with Bank of America, a reasonable inference can

3  be drawn that First Independent Mortgage Company was illegally and improperly listed

4  as the "Lender" on Olander's promissory note and deed of trust as part of a fraudulent

5  scheme for the purpose of, among other things, charging excessive and illegal

6  origination fees.

7          The Deed of Trust is a security interest and a real estate contract.  It must be

8  free from fraud and misrepresentation in the inception in order to be binding and

9  enforceable against Olander.  The Deed of Trust Act is strictly construed in favor of the

10  borrower.  As First Independent Mortgage Company was neither an existing nor a duly-

11  licensed loan originator and/or mortgage broker at the time the Deed of Trust and

12  promissory note were executed, the statutory requirements for a lawfully executed

13  security interest have not been met, and the deed of trust may not be foreclosed

14  through non-judicial trustee's sale.

15          Further, since First Independent Mortgage Company was neither an existing nor

16  a duly-licensed loan originator and/or mortgage broker at the time the Deed of Trust

17  and promissory note were executed, any purported assignment of First Independent

18  Mortgage Company's contractual "rights" under the deed of trust are void.  No

19  assignment is possible from a non-existent party to a void contract.  Defendant MERS

20  is not a party to the promissory note, and is not a real party in interest with standing to

21  enforce the deed of trust.

22          As specifically set forth in the Deed of Trust at page 2, MERS "is acting solely as

23  a *nominee* for Lender and Lender's successors and assigns."  *See* Deed of Trust, Ex. 2

24  at p. 2 (emph. added).  Having ceased to exist more than four years prior to the subject

25  real property transaction, First Independent Mortgage Company could not in any sense

26  "nominate" MERS to undertake any duty under the Deed of Trust.

27

28

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 5

**B.**     **Issues of illegality involving the Notice of Trustee's Sale.**

No assignment of contractual rights under the Deed of Trust was recorded prior to September 3, 2010. On that date, MERS attempted to assign First Independent Mortgage Company's rights as beneficiary to Defendant BAC. *See* Exhibit 6, true copy of Corporation Assignment of Deed of Trust dated September 3, 2010. However, as set forth above, MERS had no power to make any assignment of First Independent Mortgage Company's contractual rights under the Deed of Trust.

The purported assignment from MERS to BAC is further invalid in that it contains information consistent with the recent nationwide "robosigning" scandal. In particular, the assignment is purportedly dated September 1, 2010, but not witnessed by the Notary until the following day, September 2, 2010. This inconsistency creates a reasonable inference that the Notary did not in fact witness the signing of the document by "G. Hernandez." Ex. 6.

On or around October 4, 2010, defendant Trustee Recontrust caused a Notice of Trustee's Sale to be attached to Olander's front door, with trustee's sale scheduled for January 21, 2011. *See* true copy of Notice of Trustee's Sale, attached as Exhibit 7. The Notice purports to be authorized by MERS under the September 3, 2010 assignment to BAC. Ex. 7 at p. 1. However, as set forth above, the purported assignment is not valid, and therefore the Notice of Trustee's Sale is not valid.

Additionally, the Notice of Trustee's Sale contains information consistent with the recent nationwide "robosigning" scandal. In particular, the notice is purportedly dated October 4, 2010, but not witnessed by the Notary until October 20, 2010, more than two weeks later. Ex. 7 at p. 4. This inconsistency creates a reasonable inference that the Notary did not in fact witness the signing of the document by "Roseann Bancroft."

Defendant Recontrust does not meet any of the requisites to act as trustee under the subject Deed of Trust. According to information contained on its web site,

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 6

LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6th Ave. S, Ste. 100
Seattle, WA 98104
425 760-0789

Recontrust is a "wholly-owned subsidiary" of Bank of America N.A, engaging in foreclosure services.  Recontrust is not an appropriate entity; as a wholly-owned subsidiary of Bank of America, it violates the "same entity" prohibition under RCW 61.24.020; and it did not obtain proof that BAC owned or had ownership rights with respect to the promissory not prior to recording the Notice of Trustee's Sale.  Defendant Recontrust's failure to qualify as Trustee alone is sufficient to enjoin the Trustee's Sale under the strict construction requirements of the Deed of Trust Act.

### III.  Evidence Relied Upon

Plaintiff relies upon the Declaration of Jaime M. Olander, the Exhibits attached thereto, and upon all of the Pleadings and Papers on filed herein.

### IV.  Argument

**A.  Legal Standard For Injunctive Relief.**

Pursuant to RCW 61.24.130(1), "any person who has an interest in . . . the property or some part thereof . . . [may] restrain, on any proper legal or equitable grounds, a trustee's sale."  A party seeking to enjoin a trustee's sale must move for a temporary injunction or restraining order and provide five days' notice to the trustee of the attempt to seek the order.  *Plein v. Lackey*, 149 Wn.2d 214, 225-6, 67 P.3d 1061 (2003).

"A party seeking a preliminary injunction must establish 1) a clear legal or equitable right, 2) a well-grounded fear of immediate invasion of that right, and 3) that the acts complained of either have or will result in actual and substantial injury."  *San Juan County v. No New Gas Tax*, 160 Wn.2d 11, 153, 157 P.3d 831 (2007).

> At a preliminary injunction hearing, the plaintiff need not prove and the trial court does not reach or resolve the merits of the issues underlying these above three requirements for injunctive relief.  Rather, the trial court considers only the likelihood that the plaintiff will ultimately prevail at a trial on the merits by establishing that he has a clear legal or equitable right, that he reasonably fears will be invaded. . . resulting in substantial harm.

LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6ᵗʰ Ave. S. Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 7

1  *Northwest Gas Ass'n v. Utils. & Transp. Comm'n*, 141 Wn. App. 98, 116, 168 P.3d 443

2  (2007)(citations omitted).

3  **B.   Olander has a clear legal and/or equitable right to a foreclosure**
   **process conducted in accordance with RCW Chapter 61.24.**

4
5  Olander has a clear legal and equitable right to ensure that the nonjudicial

6  foreclosure proceedings are conducted in accordance with the provisions of, and

7  protections afforded by, RCW Chapter 61.24:

8  > Since the statutes allowing for nonjudicial foreclosure dispense with many
   > protections commonly enjoyed by borrowers, **"lenders must strictly**
9  > **comply with the statutes, and courts must strictly construe the**
   > **statutes in the borrower's favor."**

10  *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137, 157 P.3d 415 (2007)(citations

11  omitted)(emph. added).

12  The first factor, the existence of a clear legal or equitable right, requires the

13  moving party to show that it is likely to prevail on the merits. *San Juan County, supra*,

14  at 154. The evidence submitted in support of this motion indicates that Olander is likely

15  to prevail on the merits with respect to his claims.

16  First, the Deed of Trust is facially defective. The nominal "lender," First

17  Independent Mortgage Company, was administratively dissolved nearly four years

18  before the Deed of Trust was executed. Further, the Lender had no brokerage or loan

19  originator licensing as of the date of the Deed of Trust, and never registered the

20  address set forth in the Deed of Trust with the Department of Financial Institutions at

21  any time. These facts give rise to a very strong inference that First Independent

22  Mortgage Company was inserted as the nominal lender in the Deed of Trust for some

23  unlawful purpose, and in fact, it is unlawful for a loan originator to do business without a

24  license in any event.

25  RCW 19.146.200 prohibits a mortgage broker or loan originator from engaging in

26  business without obtaining and maintaining a license. RCW 19.144.080, 19.146.130,

27

28                                                        LAW OFFICES OF
                                                          **JAIME M. OLANDER**
                                                          318 - 6th Ave. S. Ste. 100
   PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 8    Seattle, WA 98104
                                                          123 760-0789

and 19.146.0201 contain extensive anti-fraud and consumer protection provisions, and in particular prohibit any "scheme, device or artifice to defraud or materially mislead any borrower; knowingly make any misstatement, misrepresentation, or omission; or receive any proceeds or anything of value in connection with a residential mortgage closing that such person knew resulted from a violation." RCW 19.144.080.  RCW 19.146.100 further makes any violation of the provisions of RCW 19.146 a Consumer Protection Act violation.

A contract that is the product of or is procured through illegality is void, or at the very least, voidable by the victim, in this case, by Olander.  Further, the Notice of Trustee's Sale in the present case relies upon a chain of ownership of the promissory note that is wholly defective.  Because First Independent Mortgage Company was defunct and unlicensed at the time the Deed of Trust was formed, it could not validly enter into a real estate contract, or nominate MERS as its agent for purpose of further assignment.  The Notice of Trustee's Sale relies upon the September 3, 2010 assignment by MERS to BAC of First Independent Mortgage Company's interests. However, that assignment is defective on its face, the underlying Deed of Trust is void, and BAC cannot establish that it is the actual owner of the promissory note, a prerequisite to foreclosure.

Apart from the defects in the underlying Deed of Trust, the trustee has not complied with the requirements for a valid non-judicial sale.  Under RCW Chapter 61.24, the trustee under a deed of trust owes a duty of good faith both the grantor and the beneficiary, and must act impartially between them. *Cox. v. Helenius*, 103 Wn.2d 383, 693 P.2d 683 (1985).  While the trustee is not a true fiduciary, the 2009 amendments to the act included RCW 61.24.010(f)(4), which imposes a duty of good faith upon the trustee, running to the borrower, beneficiary, and grantor.  "Good faith" means honesty in fact and observance of reasonable commercial standards of fair

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 9

LAW OFFICES OF
JAIME M. OLANDER
318 - 6th Ave. S. Ste. 100
Seattle, WA 98104
425 760-0789

32

1   dealing.  RCW 62A.3-103(4).

2   RCW 61.24.010 sets forth the qualifications for a trustee.  In order for the Notice

3   of Trustee's Sale to be valid, the Trustee must be one of the following entitites: a

4   domestic corporation; a domestic professional corporation or attorney admitted to the

5   Washington bar; the U.S. Government; or a national bank, savings bank, or savings

6   and loan association chartered under the laws of the United States.

7   RCW 61.24.020 provides that "[n]o person, corporation or association may be

8   both trustee and beneficiary under the same deed of trust."

9   RCW 61.24.030(7)(a) further provides that, "for residential property, before the

10  notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof

11  that the beneficiary is the owner of any promissory note or other obligation secured by

12  the deed of trust."

13  Defendant Recontrust does not meet any of the requisites to act as trustee under

14  the subject Deed of Trust.  According to information contained on its web site,

15  Recontrust is a "wholly-owned subsidiary" of Bank of America N.A, engaging in

16  foreclosure services.  Recontrust is not an appropriate entity; as a wholly-owned

17  subsidiary of Bank of America, it violates the "same entity" prohibition under RCW

18  61.24.020; and it did not obtain proof that BAC owned or had ownership rights with

19  respect to the promissory not prior to recording the Notice of Trustee's Sale.  Defendant

20  Recontrust's failure to qualify as Trustee alone is sufficient to enjoin the Trustee's Sale

21  under the strict construction requirements of the Deed of Trust Act.

22  Beyond the failure of the Trustee's qualifications, the documents appear to

23  violate the strict construction standard of the Deed of Trust Act.  For example, the

24  Notary Seal on the Notice of Trustee's Sale indicates that the Trustee's signature was

25  not witnessed until more than two weeks after the Notice was signed.  This discrepancy

26  is consistent with failures discovered and reported in the media as the "robosigning"

27

28

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 10

1   scandal, in which documents were hastily prepared without proper notarization as

2   required by law.  The discrepancies in the documents raise a reasonable inference that

3   the Notice of Trustee's Sale and supporting documents were prepared in violation of

4   the notary requirement.

5       The facts detailed herein establish good cause to conclude that the foreclosure

6   process has been compromised, and has not been conducted in accordance with RCW

7   Chapter 61.24.  More importantly from Olander's standpoint, it appears that the Deed of

8   Trust itself is fatally flawed by illegality, thereby invalidating the security interest.

9       **C.     Olander has a well-grounded fear of immediate invasion of his right
           to continued ownership and possession of the property.**

10

11      There is no dispute that Olander satisfies the second requirement of injunctive

12  relief.  Olander's fear of an immediate invasion of his property interest, and of his right

13  to a non-judicial foreclosure that is fair and unaffected by bad faith, conflicts of interest,

14  and breach of fiduciary duties, is well-grounded.  If the pending trustee's sale is not

15  enjoined, Recontrust will sell the property at public auction, and plaintiff's ownership

16  interest in the property will be terminated, despite the deficiencies outlined above.

17      **D.     The trustee's sale will result in actual and substantial injury to
           Olander.**

18

19      Similarly, there is no dispute that Olander satisfies the third requirement for

20  injunctive relief.  Public sale of the property will terminate Olander's ownership interest

21  in the property, despite Recontrust's failure to strictly comply with the requirements of

22  RCW Chapter 61.24 regarding notice, despite Recontrust's breach of duties and conflict

23  of interest, and despite the flaws in the underlying documents.

24      **E.     Competing equities weigh in favor of granting Olander's motion for
           injunctive relief.**

25      Injunctive relief is addressed to the Court's equitable powers.  Black's defines

26  "equity" as "fairness; impartiality; evenhanded dealing."  *Black's Law Dictionary* (3d Ed.

27

28
LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6th Ave. S. Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 11

1  2006).  The Court's examination "includes balancing the relative interests of the parties
2  and, where appropriate. . . the interests of the public."

3      Fairness, impartiality, and evenhanded dealing are all conspicuously absent from
4  the actions and omissions of Countrywide, Recontrust, and BAC in this case.
5  Recontrust has unquestionably deviated from the standards of good faith and fair
6  dealing dictated by RCW Chapter 61.24; it does not even qualify to act as Trustee
7  under applicable law.  As a result, a public sale on January 21, 2011 will likely be
8  declared void in any event.

9      **F.      The Court should waive the security requirement.**

10      An exemption from the security requirement for enjoining a trustee's sale exists
11  where there are allegations of bad faith.  *Bowcutt v. Delta N. Star Corp.*, 95 Wn. App. 311
12  (1999).  The *Bowcutt* court held that the bonding requirements of the Deed of Trust Act
13  (RCW 61.24.130(1) were intended to protect good faith lenders.

14      Under *Bowcutt*, the defendants in the present case are not entitled to security.
15  The lender cannot be considered to have acted in good faith where the Deed of Trust
16  and promissory note were procured through fraud and illegality.  Under these
17  circumstances, BAC will suffer no unfair prejudice as a result of an injunction, as the
18  security interest is defective, and the sale is likely voidable in any event.  Accordingly,
19  the Court should dispense with the security requirement under RCW 61.24.130(1).

20                          **VI.   Conclusion**

21      Plaintiff Jaime M. Olander respectfully requests relief as set forth herein, to
22  include an order enjoining the trustee's sale set for Friday, January 21, 2011, without
23  bond or other security.
24

25

26      DATED,  January 13, 2011.

27

28

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste. 100
Seattle, WA 98104
325 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 12

35

By _____
Jaime M. Olander, *Pro Se*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 13, 2011, he caused a copy of this document, along with attachments and accompanying documents, to be served on the Trust Recontrust Corporation.

DATED, January 13, 2011, at Seattle, Washington.

_____
Jaime M. Olander

LAW OFFICES OF
**JAIME M. OLANDER**
318 - 6ᵗʰ Ave. S, Ste. 100
Seattle, WA 98104
425 760-0789

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 13

1
2
3
4
5
6
7        SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

8

9   JAIME M. OLANDER, an individual,          NO.  11-2-02284-4

10                    Plaintiff,

11                                            DECLARATION OF JAIME M.
                                             OLANDER
12            v.

13   RECONTRUST CORPORATION, a
     foreign corporation; BAC HOME LOANS
14   SERVICING LP, a foreign limited
     partnership; and MORTGAGE
15   ELECTRONIC REGISTRATION
     SYSTEMS. INC., a foreign corporation,
16
                     Defendants.
17

18        Jaime M. Olander, under penalty of perjury under the laws of Washington,

19   declares as follows:

20
          1.      I am plaintiff herein, over the age of 21, competent to testify, and make
21
     this declaration from personal knowledge.
22

23        2.      I am the legal owner of that certain residential real property ("Property"),

24   commonly known as 1014 Rucker Avenue, Everett, Washington, Snohomish County

25   Auditor's number(s) 00385421402300.

26
          3.      In or around March 2004, I retained the services of Joe Ennis of
27

28
                                                    LAW OFFICES OF
                                             JAIME M. OLANDER
                                                 318 - 6ᵗʰ Ave. S. Ste 100
                                                    Seattle, WA 98104
     DECLARATION OF JAIME M. OLANDER - 1             425 760-0789

37

Countrywide Home Loans, located in Lynnwood, Washington, to procure financing for the purchase of the Property, on the basis of a personal referral from a mutual acquaintance.

4.      Prior to the document signing, I had dealt only with Ennis, and understood that Countrywide Home Loans was the lender under the promissory note and deed of trust.  I had had no prior dealings with First Independent Mortgage Company, the nominal lender under the promissory note and Deed of Trust.   Ennis never mentioned to me that First Independent Mortgage Company would be the lender in the transaction.

5.      Ennis had Stewart Title, the initial trustee under the Deed of Trust, schedule the document signing on April 30, 2004, immediately prior to closing. I was given only a short period of time to review the documents, approximately 50 pages in all, prior to signing.  Based on the representations of Ennis and Stewart Title that the documents were bona fide, I executed the Deed of Trust.

6.      I later learned that Countrywide Home Loans had engaged in widespread unfair and deceptive practices around the country at the time I received my financing. The loan Ennis arranged for me was a minimal documentation loan, and was therefore covered under the Countrywide settlement with the Washington Attorney General in 2008. I was never informed by Ennis that he could have potentially qualified for less expensive funding by, for example, going through a more detailed qualification process.

7.      I now believe that Ennis was encouraged by Countrywide to arrange minimal documentation loans, as such loans generated additional fees for Countrywide and Ennis, at the borrower's expense. However, in 2004, the subprime mortgage crisis was several years away, and I had no reason to doubt that Ennis was acting in my best

DECLARATION OF JAIME M. OLANDER - 2

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

1    interests.

2        8.      Contrary to the requirements of the Countrywide Settlement with the State

3    of Washington, defendant BAC has never offered me assistance in restructuring my

4    loan or otherwise avoiding foreclosure under the provisions of the settlement.

5

6        9.      Attached hereto are true and correct copies of Plaintiff's Exhibits 1

7    Through 8.

8        DATED,   January 13, 2011, at Seattle, Washington.

9

10

11

12             By_____

               Jaime M. Olander, *Pro Se*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JAIME M. OLANDER - 3

LAW OFFICES OF
JAIME M. OLANDER
318 - 6ᵗʰ Ave. S. Ste 100
Seattle, WA 98104
425 760-0789

# EXHIBIT 2



200404300433 16 PGS
04-30-2004 11:02am $35.00
SNOHOMISH COUNTY, WASHINGTON

After Recording Return To
FIRST INDEPENDENT MORTGAGE COMPANY
110 110TH AVENUE NE #520
BELLEVUE, WASHINGTON 98004

STEWART *76560*

① 

——————————[Space Above This Line For Recording Data]——————————

Loan Number: 34030186   **DEED OF TRUST**
MIN 1001883-0034030186-6

Grantor(s) (Last name first, then first name and initials)
1 OLANDER, JAIME
2 OLANDER, PAMELA
3
4
5
6
☐ Additional names on page _____ of document

Grantee(s) (Last name first, then first name and initials)
1 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC , (MERS)
2 *LENDER - FIRST INDEPENDENT MORTGAGE COMPANY*
3 *TRUSTEE - STEWART TITLE*
4
5
6
☐ Additional names on page _____ of document

Legal Description (abbreviated  i e , lot, block, plat or section, township, range)
LT(S) 23 AND 24, BLK. 214, BAILEY ADDITION TO EVERETT

Full legal description on page  3  of document

Assessor's Property Tax Parcel(s) or Account Number(s)  00385421402300

Reference Number(s) Assigned or Released

☐ Additional references on page _____ of document

Borrower Initials  JO  PO  _____  _____

WASHINGTON-Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   MERS
Form 3048 1/01                         Page 1 of 16

DocMagic ℰℛℴℱℳℰ 800-649-1362
www.docmagic.com

41

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated  APRIL 22, 2004          , together with all Riders to this document.

(B)  "Borrower" is  JAIME OLANDER AND PAMELA OLANDER, HUSBAND AND WIFE

Borrower is the trustor under this Security Instrument

(C)  "Lender" is  FIRST INDEPENDENT MORTGAGE COMPANY

Lender is a  WASHINGTON CORPORATION                                           organized and existing under the laws of  WASHINGTON
Lender's address is  110 110TH AVENUE NE #520, BELLEVUE, WASHINGTON 98004

(D)  "Trustee" is  STEWART TITLE
2721 WETMORE AVE, EVERETT, WASHINGTON 98201

(E)  "MERS" is Mortgage Electronic Registration Systems, Inc  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns   MERS is the beneficiary under this Security Instrument   MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P O  Box 2026, Flint, MI 48501-2026, tel  (888) 679-MERS

(F)  "Note" means the promissory note signed by Borrower and dated  APRIL 22, 2004
The Note states that Borrower owes Lender  TWO HUNDRED SEVENTY THOUSAND SEVEN HUNDRED FIFTY AND 00/100            Dollars (U S  $ 270,750.00         ) plus interest
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  MAY 1, 2034
(G)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property "
(H)  "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest
(I)  "Riders" means all Riders to this Security Instrument that are executed by Borrower  The following Riders are to be executed by Borrower [check box as applicable]

☐ Adjustable Rate Rider   ☐ Condominium Rider           ☐ Second Home Rider
☐ Balloon Rider           ☐ Planned Unit Development Rider   ☐ Other(s) [specify]
☐ 1-4 Family Rider        ☐ Biweekly Payment Rider

(J)  "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

Borrower Initials  JO       PO

WASHINGTON--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3048 1/01                          Page 2 of 16

DocMagic *‍*‍*‍* 800-649-1362
www.docmagic.com

42

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers

(M) "Escrow Items" means those items that are described in Section 3

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for (i) damage to, or destruction of, the Property, (ii) condemnation or other taking of all or any part of the Property, (iii) conveyance in lieu of condemnation, or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U S C §2601 et seq ) and its implementing regulation, Regulation X (24 C F R Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS  This Security Instrument secures to Lender  (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY          of          SNOHOMISH
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

LOT(S) 23 AND 24, BLOCK 214, BAILEY ADDITION TO EVERETT,
ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 9 OF PLATS,
PAGE(S) 78, RECORDS OF SNOHOMISH COUNTY, WASHINGTON  SITUATE
IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON
A P N  #. 00385421402300

Borrower Initials  JD     PO  _____  _____  _____

WASHINGTON--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3048 1/01          Page 3 of 16          DocMagic eForms 800-649-1362
www.docmagic.com



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
JAIME OLANDER            - Borrower

_____ (Seal)
PAMELA OLANDER           - Borrower

_____ (Seal)
                         - Borrower

_____ (Seal)
                         - Borrower

_____ (Seal)
                         - Borrower

_____ (Seal)
                         - Borrower

Witness                  Witness

_____  _____

WASHINGTON--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3048 1/01                    Page 16 of 16

DocMagic €₱₨₮₦₮₲ 800-649-1362
www.docmagic.com

44

# EXHIBIT 3

FOR IMMEDIATE RELEASE                                                          back
October 06, 2008

*Attorney General McKenna says today's settlement will offer mortgage relief to nearly 10,000 Washingtonians, helping them avoid foreclosure*

SEATTLE--Attorney General Rob McKenna Monday announced a landmark settlement brokered by Washington and other states requiring sub-prime lender Countrywide Financial Corp. to provide loan modifications for as many as 395,000 borrowers nationwide. As a result, nearly 10,000 Washington homeowners will receive about $200 million in payment relief.

After months of negotiation, requiring several trips to Chicago, McKenna and attorneys general representing several states reached agreement with Bank of America late Friday. Bank of America acquired Countrywide Financial on July 1, 2008.

"Yesterday at Mt. Zion Baptist church, I heard Rev. Dr. Sam McKinney say that congress had recently bailed out Wall Street, with pennies for Main Street and nothing for your street" McKenna said. "That's why I'm happy to announce real relief for thousands of local homeowners on the brink of foreclosure—and for some who have already lost their homes."

**Updates for Countrywide Borrowers**

For the latest information on Bank of America's Nationwide Homeownership Retention Program for Countrywide customers and relief for Washington consumers, see our Web site at: www.atg.wa.gov/countrywide.aspx

In the state of Washington, 42 percent of Countrywide's subprime hybrid adjustable rate mortgages (ARMS), 11 percent of pay-option ARMs, and 24 percent of largely fixed-rate subprime loans are delinquent.

Under the agreement, eligible borrowers will be able to modify the terms of their loans to make monthly payments more affordable. Modified loan terms will vary according to the circumstances of the borrower, but they may include an automatic freeze or reduction in interest rates, conversion to fixed-term loans, and refinancing or reduction of principal owed.

First-year payments of principal, interest, taxes and insurance (PITI) will be targeted under the modifications to equate to 34 to 42 percent of the borrower's income.

The settlement resolves allegations that Countrywide employed unfair and deceptive tactics in its loan-origination and servicing activities – and that borrowers often were put in structurally unfair and unaffordable loans. Countrywide is the largest provider of sub-prime mortgages in the U.S.

Bank of America / Countrywide also will pay $150 million to states nationwide in a Foreclosure Relief Program for eligible Countrywide customers who suffered foreclosure or who have made only minimal payments since their mortgages were originated. The states may use up to half of those funds for programs aimed at preventing foreclosures. Bank of America / Countrywide also will pay up to $70 million nationwide in payments for relocation assistance to borrowers unable to retain their homes, and will waive up to $60-$80 million in prepayment penalties and default fees.

"Today's agreement will help eligible Washingtonians keep their homes," McKenna said. "As we've seen in the recent financial downturn, home foreclosures have a big impact on the economic health of our country and our state. Helping Washingtonians pay their mortgages and stay in their homes is the right thing to do for our citizens and for our economy."

**More details and background:**
Countrywide said the loan modification program will be ready for implementation by December 1, 2008, and that the company would engage in proactive outreach to eligible customers at that point. Countrywide also noted that foreclosure sales will not be initiated or advanced for borrowers likely to qualify until Countrywide has made an affirmative decision on a borrower's eligibility.

Countrywide said the loan modification program was designed to achieve affordable and sustainable mortgage payments for borrowers who financed their homes with subprime loans or pay option adjustable rate mortgages serviced by Countrywide and originated prior to Dec. 31, 2007, and who are seriously delinquent or are likely to become seriously delinquent as a result of loan features, such as interest rate re-sets or payment recasts.

Under the settlement, which does not constitute an admission of wrongdoing, Bank of America / Countrywide also agreed to:

- Stop offering pay option ARMs and significantly curtail offering "low-documentation" and "no-documentation" loans.
- Initiate an early identification and contact program for people who have trouble making their payments; and
- Continue working with non-profits, federal agencies, and state Attorneys General on ways to use REO (real estate owned) and other properties for community development.

The Bank of America / Countrywide settlement resolved investigations into Countrywide's lending practices by Washington, Arizona, Iowa, Ohio, and Texas. It also resolved lawsuits against Countrywide initiated by Illinois, California and Florida.

McKenna said he and his colleagues from Arizona, Ohio, Texas and Iowa were especially insistent about the loan modification program in extensive negotiations with Bank of America / Countrywide, and making the modification programs available quickly nationwide.

McKenna noted that a report issued last week by the "State Foreclosure Prevention Working Group" concluded that industry measures to keep homeowners out of foreclosure had slipped since the Group's previous report in April, and that nearly eight out of ten seriously delinquent homeowners are not on track for any loss mitigation outcome.

The group of state attorneys general and banking departments concluded: "The mortgage industry's failure to develop systematic approaches to prevent foreclosures has only spurred declines in property values and further increased expected losses on mortgage loan portfolios."

McKenna said of the Countrywide / Bank of America agreement Monday: "This agreement provides for the kind of loan modification program that homeowners need to hold on to their most important investments. Avoiding foreclosures also keeps our financial institutions solvent, provides a lifeline to our communities and neighborhoods, and breathes life into our overall economy by stabilizing the housing market."

{Update}: The final complaint and settlement documents filed in Thurston County Superior Court are available below:

COMPLAINT

CONSENT JUDGMENT

**Media Contacts:**
Kristin Alexander, AGO Media Relations Manager, (206) 464-6432
Dan Sytman, AGO Media Relations Manager, (360) 586-7842

# EXHIBIT 4

Office of Attorney General Terry Goddard



### Terry Goddard Charges Bank of America with Mortgage Fraud

(Phoenix, Ariz - Dec. 17, 2010) Attorney General Terry Goddard announced that his Office today filed a lawsuit against Bank of America Corporation and its affiliated companies ("Bank of America") alleging violations of the Arizona Consumer Fraud Act and violations of the consent judgment entered in March 2009 between Arizona and the Countrywide companies owned by Bank of America.

The lawsuit, filed in Maricopa County Superior Court, was triggered by hundreds of consumer complaints and follows a year-long investigation into Bank of America's residential mortgage servicing practices, particularly its loan modification and foreclosure practices.

Goddard stated that Bank of America, the nation's largest residential mortgage loan servicer, should be leading the way out of the country's foreclosure crisis. Instead, he said, "Bank of America has been the slowest of all the servicers to ramp up loss mitigation efforts in response to the housing crisis. It has shown callous disregard for the devastating effects its servicing practices have had on individual borrowers and on the economy as a whole."

The complaint asks the court to hold the defendants in contempt for violating the consent judgment and to order them to pay restitution to eligible consumers and civil penalties, attorneys' fees, and costs of investigation to the State. It further asks the court to order the defendants to pay up to $25,000 for each violation of the consent judgment and up to $10,000 for each violation of the Arizona Consumer Fraud Act.

Goddard noted that Arizona has been particularly hard hit by the foreclosure crisis, as evidenced by recent reports ranking the state second behind Nevada in foreclosures. Nevada plans to file a similar lawsuit against Bank of America today.

The consent judgment was entered into on March 13, 2009 to resolve the Attorney General's allegations that Countrywide had engaged in widespread consumer fraud in originating and marketing mortgage loans. In the judgment, Countrywide agreed to develop and implement a loan modification program for certain former Countrywide borrowers in Arizona. Bank of America acquired Countrywide on July 1, 2008 and has assumed responsibility for Countrywide's compliance with the consent judgment.

The complaint filed today alleges that, since the consent judgment was entered, Bank of America has repeatedly violated the judgment's provisions related to loan modifications. Instead of providing the relief to which eligible homeowners were entitled, Bank of America has failed to make timely decisions on modification requests and proceeded with foreclosures while modification requests were pending in violation of the agreement.

The complaint also alleges that Bank of America has violated the Consumer Fraud Act by misleading Arizona consumers about its loss mitigation process and programs, including matters such as:
  • Whether homeowners must be delinquent on their mortgage payments to be considered for a loan modification.
  • How much time it would take to receive a decision from Bank of America on a modification request or a short sale request.
  • Whether foreclosure would proceed while a modification or short sale request was pending, or while a homeowner was making trial payments.
  • Whether the homeowner had been approved for a loan modification.
  • Failure to provide valid reasons why the homeowner was declined for a modification.
  • Whether the homeowner would be approved for a permanent modification if the consumer successfully made all trial modification payments.

As a result of Bank of America's deceptive practices, many homeowners who were already contending with other financial hardships have been led to unnecessarily deplete their dwindling savings in futile attempts to obtain the promised relief and save their homes. Many homeowners who tried to obtain a modification from Bank of America ended up owing more principal on their loans or having less equity (becoming more "underwater") in their homes. Others gave up their chances to pursue other financial options, such as short sales, while trying to modify their loans with Bank of America. These consumers endured months of frustrating delays, not knowing whether or when they would lose their homes. They called Bank of America and resubmitted their paperwork over and over again in futile efforts to get the help they were promised.

"I am filing this lawsuit today because, after years of delay and broken promises, Arizonans should not have to wait any longer to seek redress," Goddard stated. "Our homeowners and communities need and deserve relief. Bank of America must be held accountable for its deceptive conduct and failed commitments."

This case is being handled by Consumer Advocacy Division Chief Susan P. Segal and Assistant Attorney General Carolyn R. Matthews.

Goddard urged all homeowners who are in or are facing foreclosure to seek assistance as soon as possible. Homeowners can speak with a HUD-approved housing counselor by calling the Arizona Foreclosure Prevention Helpline toll-free at 1-877-448-1211. Borrowers who believe they have been the victim of mortgage fraud or other scams should contact the Attorney General's Office at (602) 542-5763 or by filing a complaint on the Attorney General's website, at www.azag.gov. Additional foreclosure prevention resources are also available on the Attorney General's website.

Copies of the 2009 consent judgment and today's complaint are attached. For additional information, contact Jancy Pearl at (602) 542-8019.



  Terry Goddard on Bank of America Mortgage Fraud.mp3

  BofAComplaint.pdf

  FAQ's regarding the State's Lawsuit against Bank of America

COPY

DEC 17 2010



MICHAEL K. JEANES, CLERK
S. HACK
DEPUTY CLERK

1   Terry Goddard
    Attorney General
2   (Firm State Bar No. 14000)
    Susan P. Segal
3   Assistant Attorney General
    State Bar No. 006098
4   Carolyn R. Matthews
    Assistant Attorney General
5   State Bar No. 013953
    Office of the Attorney General
6   1275 West Washington Street
    Phoenix, AZ 85007-2926
7   consumer@azag.gov

8   Attorneys for Plaintiff

9

10            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

11               IN AND FOR THE COUNTY OF MARICOPA

12   STATE OF ARIZONA, *ex rel.* TERRY        Case No.: CV2010-033580
     GODDARD, Attorney General,
13
                                              COMPLAINT
14              Plaintiff,
15        vs.                                 (VIOLATIONS OF CONSENT
                                              JUDGMENT AND VIOLATIONS
16   COUNTRYWIDE FINANCIAL CORPORATION,       OF ARIZONA CONSUMER
     a Delaware corporation; COUNTRYWIDE HOME FRAUD ACT)
17   LOANS, INC., a New York corporation; FULL
     SPECTRUM LENDING, INC., a California
18   corporation; BANK OF AMERICA
     CORPORATION, a Delaware corporation; BANK
19   OF AMERICA, NATIONAL ASSOCIATION, a
     national bank; BAC HOME LOANS SERVICING,
20   LP, a foreign limited partnership; RECONTRUST
     COMPANY, N.A., a wholly-owned subsidiary of
21   Bank of America, N.A.; and BLACK
     CORPORATIONS 1-10,
22
                Defendants.
23

24

25        Plaintiff, the State of Arizona by its Attorney General Terry Goddard ("State" or

26   "Attorney General"), for its complaint, hereby alleges as follows in support of its claims that

Contact Us | Connect: 

# Corporations Division

| Home | Search | Apostilles | Domestic Partnerships | Awards Program | Public Notices |

## Corporations Division - Registration Data Search

Neither the State of Washington nor any agency, officer, or employee of the State of Washington warrants the information in the Public Access System and shall not be liable for any losses caused by such reliance on the ac information. While every effort is made to ensure the accuracy of this information, portions may be incorrect o on information obtained from the System does so at his or her own risk.

### FIRST INDEPENDENT MORTGAGE COMPANY, INC.

| | |
|---|---|
| UBI Number | 601941805 |
| Category | REG |
| Profit/Nonprofit | Profit |
| Active/Inactive | Inactive |
| State Of Incorporation | WA |
| WA Filing Date | 03/24/1999 |
| Expiration Date | 03/31/2000 |
| Inactive Date | 06/19/2000 |
| Registered Agent Information | |
| Agent Name | CORINNE T SEYMOUR |
| Address | 12458 NE 180TH ST |
| City | WOODINVILLE |
| State | WA |
| ZIP | 98072 |
| Special Address Information | |
| Address | |
| City | |

Corporations: Registration Detail

http://www.sos.wa.gov/corps/search_detail.aspx?ubi=601941805

State

Zip

## Governing Persons

| Title | Name | Address |
|---|---|---|
| President | SEYMOUR , CORINNE | 12456 NE 160TH ST WOODINVILLE , WA |

« Return to Search List

Phone Numbers | Privacy Policy | Accessibility
Washington Secretary of State · Corporations Division
801 Capitol Way South
PO Box 40234, Olympia WA 98504-0234
(360) 725-0377

1/10/2011 9:23 PM

# EXHIBIT 5

License Look Up

https://fortress.wa.gov/dfi/licenselu/dfi/licenseLU/LicenseLLU.aspx



**Licensee Database**

🏛 **Washington State Department of Financial Institutions**

**DETAILED INFORMATION:**
Detailed information on the filing or licensee you selected is displayed below. To obtain additional information for Securities, Franchise & Business Opportunity filings, send an e-mail to the Division of Securities. For additional information on Money Transmitter/Currency Exchangers, Mortgage Broker, Small Loans, Check Cashers/Check Sellers, Escrow Agent/Officer, Consumer Loan and Loan Originator filings, send an e-mail to Division of Consumer Services. In either case, please include the file number in the subject line.
This information is up-to-date as of Monday, January 10, 2011.
By proceeding, you agree that the information provided will not be used for commercial purposes. See RCW 42.56.070(9).

| | |
|---|---|
| Company Name | First Independent Mortgage Company |
| Trade name | |
| License Number | 510-MB-19451-19452 |
| License Type | Mortgage Broker (Branch) |
| Physical Address | 12456 NE 160th St Woodinville, WA 98072 |
| Main Phone Number | 425-806-0564 |
| Due Date | 03/31/2004 |
| Status | Office Closed |
| Bonding Company Information | |
| Bonding Number | |

Start New Search | Back To Result List

DFI Home | FAQ | Links
Disclaimer
© 1999 - Washington State Dept. of Financial Institutions
Please contact the webmaster@dfi.wa.gov with any questions, comments or feedback.

1/10/2011 10:03 PM

https://fortress.wa.gov/dfi/licensedir/dfi/licenseLU/licenseLLC.aspx

# License Database

## Washington State Department of Financial Institutions

Filings or applications matching your search criteria are listed below. Click on the "file number" to view additional information. By proceeding, you agree that the information provided will not be used for commercial purposes. See RCW 42.56.070(9).

| FILE # | TYPE | ADDRESS | NAME | COMPANY NAME | TRADE NAME/ISSUER NAME | STATUS |
|---|---|---|---|---|---|---|
| 19452 | Mortgage Broker (Branch) | 12456 NE 160th St Woodinville, WA 98072 | | First Independent Mortgage Company | | Office Closed |
| 27167 | Mortgage Broker (Main) | 1220 Main St Vancouver, WA 98668-8904 | | First Independent Mortgage Company | 1st Independent Mortgage Company | Office Closed |
| 27167 | Mortgage Broker (Main) | 1220 Main St Vancouver, WA 98668-8904 | | First Independent Mortgage Company | FIMCO | Office Closed |
| 30878 | Mortgage Broker (Main) | 11225 SE 6th St Ste 110 Bellevue, WA 98004 | | First Independent Mortgage Company | Pinnacle Lending Group | Office Closed |
| 30881 | Mortgage Broker (Branch) | 11225 SE 6th St Ste 110 Bellevue, WA 98004 | | First Independent Mortgage Company | Pinnacle Lending Group | Office Closed |
| 30880 | Mortgage Broker (Branch) | 11225 SE 6th St Ste 110 Bellevue, WA 98004 | | First Independent Mortgage Company | Pinnacle Lending Group | Office Closed |
| 19451 | Mortgage Broker (Main) | 5285 SW Meadow Rd Ste 320 Lake Oswego, OR 97035 | | Mercury Construction Company | First Independent Mortgage Group | Office Closed |

I [Page 1 of 1]
Start New Search

DFI Home | FAQ | Links
Disclaimer
© 1996 - Washington State Dept. of Financial Institutions
Please contact the webmaster@dfi_wa.gov with any questions, comments or feedback.

1/10/2011 10:04 PM

1 of 1

56

# EXHIBIT 6

ELECTRONICALLY RECORDED
201009031084                          1
09/03/2010 04:54 PM           14.00
SNOHOMISH COUNTY, WASHINGTON

201009031084

AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:
BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY  SV-35
SIMI VALLEY, CA. 93065

TS No. 10-0165053

100 SL 505 (

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFERS TO:
    BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 04/22/2004, EXECUTED
BY: JAIME OLANDER AND PAMELA OLANDER, HUSBAND AND WIFE,TRUSTOR: TO STEWART
TITLE, TRUSTEE AND RECORDED AS INSTRUMENT NO. 200404300433 ON 04/30/2004, OF OFFICIAL
RECORDS IN THE COUNTY RECORDER'S OFFICE OF SNOHOMISH COUNTY, IN THE STATE OF
WASHINGTON.
DESCRIBING THE LAND THEREIN:  AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST
TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE
AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE
UNDER SAID DEED OF TRUST/MORTGAGE.

DATED: 9/1/10

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.

BY: _____
    G. Hernandez                    , Assistant Secretary

State of: CALIFORNIA
County of: VENTURA
On SEP 0 2 2010  before me    AHMAD AFZAL
    G. Hernandez
_____, personally appeared
_____, personally appeared
_____, notary public, personally appeared
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

Witness my hand and official seal.

_____
AHMAD AFZAL

AHMAD AFZAL
COMM. # 1744009
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 7, 2011

# EXHIBIT 7

After recording return to
BAC Home Loans Servicing LP
400 COUNTRYWIDE WAY SV 35
SIMI VALLEY CA 93065

File No 2010 105053

### Notice of Trustee's Sale
Pursuant To the Revised Code of Washington 61 24 et seq

NOTICE IS HEREBY GIVEN that the undersigned Trustee RECONTRUST COMPANY N A on January 21 2011 at 10 00 AM On the steps in front of the North entrance to the Snohomish County Courthouse 3000 Rockefeller Avenue Everett WA 98201 State of Washington (subject to any conditions imposed by the trustee to protect the lender and borrower) will sell at public auction to the highest and best bidder payable at time of sale the following described real property situated in the county(ies) of Snohomish State of Washington

Tax Parcel ID no 00385421402300

LOT (S) 23 AND 24 BLOCK 214 BAILEY ADDITION TO EVERETT ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 9 OF PLATS PAGE (S) 78 RECORDS OF SNOHOMISH COUNTY WASHINGTON SITUATE IN THE COUNTY OF SNOHOMISH STATE OF WASHINGTON

Commonly Known as 1014 RUCKER AVENUE EVERETT WA 98201

which is subject to that certain Deed of Trust dated 04/22/2004 recorded on 04/30/2004 under Auditor's File No 200404300433 and Deed of Trust re recorded on ___ under Auditor's File No ___ records of Snohomish County Washington from JAIME OLANDER AND PAMELA OLANDER HUSBAND AND WIFE as grantor to STEWART TITLE as Trustee to secure an obligation in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC as beneficiary the beneficial interest in which was assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC to BAC HOME LOANS SERVICING LP FKA COUNTRYWIDE HOME LOANS SERVICING LP under an Assignment/Successive Assignments recorded under Auditor's File No 201009031084

II

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any court by reason of the Grantor's or Borrower's default on the obligation secured by the Deed of Trust

III

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults

| | | |
|---|---|---|
| A | Monthly Payments | $42 380 76 |
| B | Late Charges | $346 72 |
| C | Beneficiary Advances | $75 00 |
| D | Suspense Balance | ($ 00) |
| E | Other Fees | $0 00 |
| | **Total Arrears** | **$42,802 48** |
| F | Trustee s Expenses (Itemization) | |
| | Trustee s Fee | $337 50 |
| | Title Report | $735 00 |
| | Statutory Mailings | $12 64 |
| | Recording Fees | $128 00 |
| | Publication | $750 00 |
| | Posting | $200 00 |
| | **Total Costs** | **$2,163 14** |
| | **Total Amount Due** | **$44 965 62** |

Other potential defaults do not involve payment of the Beneficiary  If applicable  each of these defaults must also be cured  Listed below are categories of common defaults  which do not involve payment of money to the Beneficiary  Opposite each such listed default is a brief description of the action/documentation necessary to cure the default  The list does not exhaust all possible other defaults  any defaults identified by Beneficiary or Trustee that are not listed below must also be cured

| OTHER DEFAULT | ACTION NECESSARY TO CURE |
|---|---|
| Nonpayment of Taxes/Assessments | Deliver to Trustee written proof that all taxes and assessments against the property are paid current |
| Default under any senior lien | Deliver to Trustee written proof that all senior liens are paid current and that no other defaults exist |
| Failure to insure property against hazard | Deliver to Trustee written proof that the property is insured against hazard as required by the Deed of Trust |
| Waste | Cease and desist from committing waste  repair all damage to property and maintain property as required in Deed of Trust |

Unauthorized sale of property (Due on Sale)Revert title to permitted vestee

IV

The sum owing on the obligation secured by the Deed of Trust is  Principal Balance of $254 134 07 together with interest as provided in the note or other instrument secured from 05/01/2009 and such other costs and fees as are due under the Note or other instrument secured  and as are provided by statute

**V**

The above-described real property will be sold to satisfy the expense of the sale and the obligation secured by the Deed of Trust as provided by statute  The sale will be made without warranty express or implied regarding title  possession  or encumbrances on 01/21/2011  The default(s) referred to in paragraph III  together with any subsequent payments  late charges  advances costs and fee  thereafter due  must be cured by 01/10/2011 (11 days before the sale date)  to cause a discontinuance of the sale   The sale will be discontinued and terminated if at any time before the close of the Trustee s business on 01/10/2011 (11 days before the sale date)  the defaults(s) as set forth in paragraph III  together with any subsequent payments  late charges  advances  costs and fees thereafter due  is/are cured and the Trustee s fees and costs are paid  The sale may be terminated any time after 01/10/2011 (11 days before the sale date)  and before the sale by the Borrower  Grantor  and Guarantor or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust  plus costs  fees  and advances if any made pursuant to the terms of the obligation and/or Deed of Trust

**VI**

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the address(es) enclosed  ( See  Attachment to section VI )

by both first class and either certified mail  return receipt requested  or registered mail on 09/01/2010  proof of which is in the possession of the Trustee  and on 09/03/2010 Grantor and Borrower were personally served with said written notice of default or the written notice of default was posted on a conspicuous place on the real property described in paragraph I above  and the Trustee has possession of such service or posting

**VII**

The Trustee whose name and address is set forth below will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee s fees due at any time prior to the sale

**VIII**

The effect of the sale will be to deprive the Grantor and all those who hold by  through or under the Grantor of all their right  title and interest in the above-described property

**IX**

Anyone having any objections to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61 24 130  Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee s sale

**X**

NOTICE TO OCCUPANTS OR TENANTS  The purchaser at the Trustee s Sale is entitled to possession of the property  on the 20th day following the sale  as against the grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust  including occupants who are not tenants  After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59 12 RCW  For tenant-occupied property  the purchaser shall provide a tenant with written notice in accordance with RCW 61 24 060 and/or any applicable Federal Law

DATED  October 04  2010

RECONTRUST COMPANY  N A

By _____

Its  Assistant Secretary

State of  California
County of  Ventura

On OCT 7 8 2010 _____ before me _____ Ivette Pelayo _____ notary public
personally appeared  ROSEANN  BANCROFT _____ personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies)  and that he/she/they executed the same in his/her/thier
authorized capacity(ies)  and that by his/her/their signature(s) on the instrument the person(s)  or
the entity upon behalf of which the person(s) acted  executed the instrument

WITNESS my hand  and official Seal



IVETTE PELAYO
COMM # 1774807
NOTARY PUBLIC CALIFORNIA
VENTURA COUNTY
My Commission Expires
Oct  Nov 27  2011

RECONTRUST COMPANY  N A
P O  Box 10284
Van Nuys  CA 91410-0284
Phone (800) 281-8219                    Client   BAC Home Loans Servicing  LP

Agent for service of process
CT Corporation System
1801 West Bay Drive NW  Ste 206       File No  2010 105053
Olympia  WA 98502
Phone  (380) 357 6794

**THIS FIRM IS ATTEMPTING TO COLLECT A DEBT  ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE  THE DEBT SET FORTH ON THIS NOTICE WILL BE
ASSUMED TO BE VALID UNLESS YOU DISPUTE THE DEBT BY PROVIDING THIS OFFICE
WITH A WRITTEN NOTICE OF YOUR DISPUTE WITHIN 30 DAYS OF YOUR RECEIPT OF
THIS NOTICE  SETTING FORTH THE BASIS OF YOUR DISPUTE  IF YOU DISPUTE THE
DEBT IN WRITING WITHIN 30 DAYS  WE WILL OBTAIN AND MAIL VERIFICATION OF THE
DEBT TO YOU  IF THE CREDITOR IDENTIFIED IN THIS NOTICE IS DIFFERENT THAN
YOUR ORIGINAL CREDITOR  WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS
OF THE ORIGINAL CREDITOR IF YOU REQUEST THIS INFORMATION IN WRITING WITHIN
30 DAYS**

**Attachment to section VI**

PAMELA OLANDER
1014 Rucker Ave
Everett  WA 98201 1515

PAMELA OLANDER
1014 Rucker Ave
Everett  WA 98201 1515

JAIME OLANDER
1014 RUCKER AVENUE
EVERETT  WA 98201

PAMELA OLANDER
1014 RUCKER AVENUE
EVERETT  WA 98201

JAIME OLANDER
1014 Rucker Ave
Everett  WA 98201 1515

JAIME OLANDER
1014 Rucker Ave
Everett  WA 98201 1515

64

Exhibit 2

1
2
3
4
5
6
7
SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

8
JAIME M. OLANDER, an individual,

9
Plaintiff,

10
v.

11
RECONTRUST CORPORATION, a foreign corporation; BAC HOME LOANS

12
SERVICING LP, a foreign limited partnership; and MORTGAGE

13
ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation,

14
Defendants.

15

NO. 11-2-02284-4

NOTICE TO CLERK OF REMOVAL TO FEDERAL COURT

16
TO:          Clerk of Court, Snohomish County Superior Court;

17
AND TO:    Plaintiff

18
        NOTICE IS HEREBY GIVEN, pursuant to 28 United States Code section 1446(d)

19
that, on February 1, 2011, defendants ReconTrust Company, N.A. (erroneously sued as

20
"ReconTrust Corporation"), Mortgage Electronic Registration Systems, Inc., and BAC Home

21
Loans Servicing, LP filed a Notice of Removal and supporting documents, a copy of which is

22
attached to this notice, for removal of the above-entitled action to the United States District

23
Court for the Western District of Washington at Seattle.

24
        The removal terminates this Court's jurisdiction and all proceedings in this forum

25
pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

26

NOTICE TO CLERK OF REMOVAL TO FEDERAL
COURT - 1

116589.0289/5012728.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

DATED: February 1, 2011

LANE POWELL PC

By _____
John S. Devlin III, WSBA No. 23988
Jacob M. Downs, WSBA No. 37982
Attorneys for Defendants ReconTrust, BAC
Home Loans Servicing and MERS

## DECLARATION OF SERVICE

I, Maria G. Raines, hereby declare under penalty of perjury under the laws of the state of Washington and the United States that I caused a true and correct copy of the foregoing to be served on the party listed below and in the manner indicated:

| | |
|---|---|
| Jaime M. Olander | ☐ by **CM/ECF** |
| Law Offices of Jaime M. Olander | ☐ by **Electronic Mail** |
| 318 Sixth Avenue South, Suite 100 | ☐ by **Facsimile Transmission** |
| Seattle, WA 98104 | ☐ by **First Class Mail** |
| Tel: 425.760.0789 | ☑ by **Hand Delivery** |
| E-mail: jaimeolander@hotmail.com | ☐ by **Overnight Delivery** |

DATED this 1st day of February, 2011, at Seattle, Washington.

_____
MARIA G. RAINES

NOTICE TO CLERK OF REMOVAL TO FEDERAL
COURT - 2