1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
9                  AT SEATTLE

10  JAIME M OLANDER,                          CASE NO. C11-177 MJP

11                     Plaintiff,             ORDER DENYING PLAINTIFF'S
                                              MOTION TO REMAND,
12         v.                                 GRANTING PLAINTIFF'S MOTION
                                              FOR A TEMPORARY
13  RECONTRUST CORPORATION, a                 RESTRAINING ORDER, AND
    foreign corporation; BAC HOME LAONS       GRANTING IN PART AND
14  SERVICING LP, a foreign limited           DENYING IN PART DEFENDANT'S
    partnership; and MORTGAGE                 MOTION TO DISMISS
15  ELECTRONIC REGISTRATION
    SYSTEMS, INC., a foreign corporation
16
                       Defendants.
17

18
            This comes before the Court on Plaintiff's motion to remand (Dkt. No. 14), Plaintiff's
19
    motion for a temporary restraining order (Dkt. No. 9), and Defendant's motion to dismiss (Dkt.
20
    No. 6).  Having reviewed all the motions, the responses (Dkt. No. 14, 15 and 17), the reply (Dkt.
21
    No. 20), oral arguments held March 4, 2011, and all related filings, the Court DENIES Plaintiff's
22
    motion to remand, GRANTS Plaintiff's motion for a temporary restraining order, and GRANTS
23
    in part and DENIES in part Plaintiff's motion to dismiss.
24  ORDER DENYING PLAINTIFF'S MOTION TO
    REMAND, GRANTING PLAINTIFF'S MOTION
    FOR A TEMPORARY RESTRAINING ORDER,
    AND GRANTING IN PART AND DENYING IN
    PART DEFENDANT'S MOTION TO DISMISS- 1

**Background**

Plaintiff Jamie M. Olander ("Olander") is suing ReconTrust Company, BAC Home Loans Servicing LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") for violations of the Deed of Trust Act ("the DTA"), the Mortgage Broker Practices Act ("MBPA"), Washington Consumer Protection Act ("WCPA"), and breach of contract.

On April 30, 2004, Olander obtained a home mortgage loan related to property located at 1014 Rucker Avenue, Everett, Washington 98201. (Compl. ¶ 8.) The loan was evidenced by a promissory note (the "Note") and secured by a Deed of Trust. (Id.) A deed of trust is essentially a three-party mortgage whereby a borrower gives a "trustee" a lien on the real property to hold as security until the obligation to the lender, also known as the "beneficiary," is discharged. If the borrower defaults on the loan, the beneficiary need not file a civil suit to foreclose on the mortgage. Pursuant to the Washington Deed of Trust Act ("DTA"), the trustee may initiate non-judicial foreclosure proceedings on behalf of the beneficiary. Through this arrangement, title to the real property passes to the borrower, but the lender or beneficiary is protected under the trust agreement.

In this case, the Deed of Trust lists First Independent Mortgage Company ("FIMC") as the lender, Stewart Title as the Trustee, and MERS as the "nominee for Lender's successors and assigns" and "beneficiary under this security instrument." (Compl., Ex. 2.) On September 1, 2010, MERS transferred the Note and Deed of Trust to BAC via a corporation assignment. (Lorber Decl., Ex. C.) The assignment was recorded under Snohomish County Auditor's No. 201009031084. (Id.) BAC then appointed ReconTrust as successor trustee under the Deed of Trust to execute the Trustee Sale. (Lorber Decl., Ex. B.) The appointment was recorded under Snohomish County Auditor's No. 201009031085. (Id.) On October 4, 2010, ReconTrust served

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 2

Case 2:11-cv-00177-MJP   Document 21   Filed 03/07/11   Page 3 of 15

a Notice of Trustee Sale on Olander pursuant to RCW 61.24. (Lorber Decl., Ex. D.) The Notice of Trustee's Sale states that, at the time executed, Plaintiffs were $42,802.48 behind on monthly mortgage payments. (Id.) It was notarized on October 20, 2010. (Id.)

Olander brought suit in Snohomish County Superior Court to stop ReconTrust from executing the trustee sale. Specifically, Olander alleges neither MERS nor BAC have valid proof of ownership of the Note and therefore no authority to assign and appoint ReconTrust as successor trustee. As alleged, Olander negotiated with Countrywide Home Loans representatives in 2004 although FIMC is listed as the lender as part of a scheme to charge excessive and illegal origination fees. (Compl. ¶ 12.) Olander observes FIMC's corporate license had been expired more than four years at the time of the 2004 loan transaction. (Compl. ¶ 10; Dkt. No. 10, Olander Decl., Ex. 4.) Olander believes this fraud renders the Deed of Trust void. In addition, Olander argues MERS cannot be considered the beneficiary because MERS is merely a "nominee" of the lender, and cannot have any greater rights than FIMC even if the Deed of Trust is enforceable. (Compl. ¶ 17.) Since Olander can assert breach of a fiduciary duty as a defense against FIMC, Olander contends the same defense applies to MERS and subsequent assignees.

Finally, Olander appears to believe he has a right to a loan modification based on a Countrwide settlement in Thurston County Superior Court. See Washington v. Countrywide Financial Corp., C09-2-01690-6 (July 9, 2010.) Under the settlement, Countrywide Home Loans is obligated to offer loan modifications to borrowers. (See Dkt. No. 16, Lorber Decl., Ex. A.) Olander believes such an offer is required before his property can be foreclosed upon because BAC is a successor of Countrywide Home Loans. (Pltf's Br. for TRO at 3.) Based on the oral argument held March 4, 2011, Olander appears not to have been offered a loan modification;

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 3

although, Defendant may have sent an offer for a loan modification to Olander's ex-wife who is also listed as a borrower on the Deed of Trust.  Defendant disputes whether BAC is a successor in interest of Countrywide. (Def. Br. against TRO at 19).  In any case, this separate claim as to eligibility for the Countrywide settlement was not pled in Olander's complaint.

## Analysis

1. Motion to Remand

   a. Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir.1999) (citation omitted), superseded in statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir.2006).  When a complaint is silent or unclear as to the amount of damages sought by a plaintiff, the defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount" by a preponderance of the evidence. Gaus, 980 F.2d at 567 (citations omitted); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir.2006).

   b. Amount-in-Controversy

Where a plaintiff is not seeking loan rescission, the amount in controversy is not properly gauged by the loan amount. See, e.g., Horace v. LaSalle Bank Nat'l Ass'n, 2009 WL 426467, at * 1-2 (M.D.Ala. Feb.17, 2009) (granting plaintiff's motion to remand where the "true gravamen of [plaintiff's] complaint is the unspecified amount of damages she seeks as a result of alleged

negligence and fraud associated with the procurement of the mortgage," and where defendant contended "that the $75,000 amount-in-controversy requirement is met simply because the original value of the mortgage was $283,500"). But, where a plaintiff seeks to invalidate a loan secured by a deed of trust, the amount-in-controversy is the loan amount. See, e.g., Ngoc Nguyen v. Wells Fargo Bank, N.A., 2010 WL 4348127, *5-6 (N.D.Cal. 2010); Cabriales v. Aurora Loan, 2010 WL 761081, *3-4 (N.D.Cal. 2010).

Here, Olander argues the only monetary damages he seeks is related to recovering the excessive and illegal fees Countrywide Home Loans received for originating the loan. Olander contends his main claim is equitable relief. However, Olander's complaint states, "[t]he Deed of Trust securing the promissory note was the product of fraud, and void at inception." (Compl. ¶ 14.) In addition, Olander states he is "entitled to injunctive relief . . . based upon . . . fraud, material misrepresentation and illegaility in the inception, voiding the Deed of Trust and promissory note." (Compl. ¶ 39.)

Since the gravamen of Olander's complaint is to void the loan, the amount-in-controversy is the loan amount which is approximately $270,750.00. Given the amount of the loan in question, as well as Olander's claims for general, incidental, consequential, and exemplary damages, the statutory minimum has been met. The Court DENIES Plaintiff's request for remand.

2. Motion to Dismiss

    a. Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570,

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 5

1  (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to

2  draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129

3  S.Ct. at 1949 (citing Twombly, 550 U.S. at 545, 127 S.Ct. 1955) (further noting that plausibility

4  lies somewhere between allegations that are "merely consistent" with liability and a "probability

5  requirement"); see also Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009)

6  ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,'

7  and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

8  plaintiff to relief.") (citing Iqbal at 1949). The Court must accept plaintiffs' factual allegations as

9  true, but need not accord the same deference to legal conclusions. Id. at 1949-150 (citing

10 Twombly at 555, 127 S.Ct. 1955). Courts "are not bound to accept as true a legal conclusion

11 couched as a factual allegation." Iqbal, at 1950 (citation omitted).

12       Generally, "[t]he Court may not consider matters outside the pleadings" without

13 converting the 12(b)(6) motion into a motion for summary judgment. In re Hawaiian &

14 Guamanian Cabotage Antitrust Litig., 647 F.Supp.2d 1250, 1267 (W.D.Wash.2009); see also

15 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001); see Fed.R.Civ.P. 12(d).  There are

16 two exceptions to this rule. First, the Court may consider documents not physically attached to

17 the complaint if the documents' "authenticity ... is not contested and the plaintiff's complaint

18 necessarily relies on them." *1202 Lee, 250 F.3d at 688 (citation omitted). Second, the Court

19 may "take judicial notice of matters of public record." Id.  In deciding this Rule 12(b)(6) motion,

20 the Court has considered the Deed of Trust, the MERS's assignment to BAC (Lorber Decl., Ex.

21 B), the Appointment (Lorber Decl., Ex. C) and the Notice of Trustee Sale (Lorber Decl., Ex. D.)

22 Neither party has submitted a copy of the Note; although at oral arguments, Defendants' counsel

23 states the Note is in ReconTrust's custody.

24 ORDER DENYING PLAINTIFF'S MOTION TO
   REMAND, GRANTING PLAINTIFF'S MOTION
   FOR A TEMPORARY RESTRAINING ORDER,
   AND GRANTING IN PART AND DENYING IN
   PART DEFENDANT'S MOTION TO DISMISS- 6

      b.  Deed of Trust Act (RCW 61.24)

Defendant argues the Court should dismiss Olander's claims under the DTA because the Deed of Trust is enforceable and assignable, and ReconTrust is qualified to serve as successor trustee.[1]

The DTA requires a trustee and successor trustee to "act impartially between the borrower, grantor and beneficiary." RCW 61.24.010(4) (effective June 12, 2008, amended July 26, 2009 to provide that the trustee "has a duty of good faith to the borrower, beneficiary and grantor"). Under the DTA, a trustee must have proof that the beneficiary is the owner of the note or obligation secured by the deed of trust prior to the trustee sale. RCW 61.24.030(7)(a). In addition, written notice of the trustee sale must be provided by the beneficiary or the trustee. RCW 61.24.030(8).

Here, Olander alleges the Deed of Trust is not enforceable because the lender or beneficiary was neither an existing nor duly-licensed loan originator at the time the Deed of Trust was executed. Due to the fact that FIMC was defunct, Olander argues any assignment of rights to ReconTrust or enforcement of the Deed of Trust is invalid. (Compl. ¶ 16.) The Court finds this sufficient to state a claim for violation of the DTA. While Defendant is correct in stating ReconTrust is a national banking association and qualified to serve as successor trustee under RCW 61.24.010(f), Olander's principal allegation is that ReconTrust lacks proof that it is acting on behalf of a beneficiary, which is required by RCW 61.24.030(7)(a). As alleged, no beneficiary existed at the time or origination and therefore none of the Defendants were properly

---

[1] In addition, Defendant appears to request dismissal of claims related to improper notarization and fraud. Since Olander's Complaint does not assert these as separate claims, the Court finds no need to address them here.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 7

assigned or appointed to engage in the trustee sale. This is sufficient showing of a claim under the DTA.

Defendants nevertheless argue MERS was also a beneficiary on the Deed of Trust with the power to assign and appoint a foreclosing trustee and properly appointed ReconTrust. The Court finds Defendant's argument is unpersuasive. Olander's case is different from Vawter v. Quality Loan Serv. Corp. of Wash., 707 F.Supp.2d 1115 (W.D.Wash. 2010), on which Defendant relies. In Vawter, Judge Robart rejected the plaintiffs' argument that MERS could not act as a beneficiary because plaintiffs assented to MERS's role as a beneficiary by contract. Id. at 1126. However, in our case, Olander not only challenges MERS's authority to act as a beneficiary, but argues the Deed of Trust was void at its inception. In other words, it does not matter that MERS was also listed as a beneficiary with the right to foreclose because the Deed of Trust itself was invalid.

Defendants argue the loan is enforceable notwithstanding FIMC's status as a defunct entity because "the loan rights simply accrued to the entity or person who purported to act on behalf of [FIMC.]" (Dkt. No. 6 at 8.) This is insufficient to dismiss at the motion to dismiss stage. Defendants' reliance on White v. Dvorak, 78 Wash. App. 105, 110 (1955) is inapposite. In Dvorak, the court held a party to a contract is bound even when unaware that the other contracting party is a nonexistent corporate entity. Id. But Dvorak did not involve a Deed of Trust where the contracting parties had a fiduciary duty under the Mortgage Broker Practices Act to disclose deficiencies related to licensing and incorporation. Since Olander may have a defense to enforcement against FIMC based on breach of fiduciary duty, Olander may assert a similar defense against those asserting FIMC's rights as assignees. See Restatement (Second) of Contracts § 336 (1979)("An assignee's right against the obligor is subject to any defense or

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 8

1  claim arising from his conduct or to which he was subject as a party or a prior assignee because
2  he had notice.")  As a minimum, Olander has alleged a claim under the DTA.
3       In sum, Olander alleges the Deed of Trust is invalid and any attempt to enforce it violates
4  the DTA.  Since Plaintiff alleges facts upon which relief may be granted, the Court DENIES
5  Defendant's motion to dismiss Olander's DTA claim.
6          c.  <u>Breach of Contract</u>
7       Plaintiff claims FIMC's failure to be registered as an active corporation constitutes an
8  actionable breach of contract. (Compl. ¶ 34.)
9       To allege a breach of contract, a plaintiff must show (1) the existence of a valid contract
10 between the parties, (2) breach by the defendant, and (3) damages as a result of the breach.
11 <u>Myers v. State</u>, 152 Wash.App. 823, 828 (2009).  Here, Olander has not alleged BAC or
12 ReconTrust were parties to the Deed of Trust.  In addition, Olander has not alleged FIMC's
13 defunct status caused his damages.  As Olander concedes, the trustee sale is being instituted not
14 because of FIMC's defunct status but his own failure to pay his loan.
15      Since two of the Defendants were not parties to the contract and Olander fails to connect
16 the breach to his damages, the Court DISMISSES Olander's breach of contract claim.
17         d.  <u>RCW 19.144 and RCW 19.146 (Mortgage Broker Practices Act)</u>
18      Defendant seeks to dismiss Olander's claims under RCW 19.144 and RCW 19.146
19 because they do not support a private cause of action.
20      RCW 19.144 prohibits any person in connection with making, brokering, obtaining, or
21 modifying a residential mortgage loan to knowingly make misstatements, misrepresentations, or
22 omissions during the mortgage lending process knowing that it may be relied on by a mortgage
23 lender, borrower, or other party to the process.  RCW 19.144.080.  The MBPA was enacted to
24 ORDER DENYING PLAINTIFF'S MOTION TO
REMAND, GRANTING PLAINTIFF'S MOTION
FOR A TEMPORARY RESTRAINING ORDER,
AND GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS- 9

require all actions in mortgage brokering be actuated in good faith, and that mortgage brokers, designated brokers, loan originators, and others abstain from deception, and practice honesty and equity in all matters relating to their profession. RCW 19.146.005. Neither statute supports a private cause of action against Defendants.

Specifically, RCW 19.144 provides for civil and criminal penalties, but does not provide a private cause of action. See RCW 19.144.120 (only the director of the Department of Financial Institutions may "enforce, investigate or examine persons covered by this chapter.") While RCW 19.146 provides for a private cause of action by "any person injured by violation of this chapter," the action must be against a licensed mortgage broker who committed the violation or who engaged the loan originator who committed the violation. RCW 19.146.240. Here, Defendants are not alleged to be "mortgage brokers" as defined by RCW 19.146.010(14). In addition, Olander is not suing those who assisted him in obtaining his mortgage loan or held themselves out as being able to assist him in applying for a mortgage loan.

Since a private cause of action is not recognized under RCW 19.144 and not applicable as to these Defendants under RCW 19.146, the Court DISMISSES Olander's claims.

e. RCW 19.146 (WCPA)

Defendant argues Olander's WCPA claim fails along with his claim under RCW 19.146.

To state a claim under WCPA, plaintiff must plead facts demonstrating: (1) an unfair or deceptive practice act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the plaintiff in his or her business or property, and (5) which injury is causally linked to the unfair or deceptive act. Indus. Indem. Co. v. Kallevig, 114 Wn.2d 907, 920-21 (1990). Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest. Hangman Ridge Training Stables,

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 10

Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 790 (1986). A private dispute may affect the public interest if it is likely that others have been or will be injured in exactly the same fashion. Id.

Here, Plaintiff seeks to "recover all available damages under RCW [ ] 19.86 under RCW 19.146.100." (Compl. ¶ 45.) Whether or not Olander's claim is based on RCW 19.146, the Court finds Olander fails to allege facts suggesting an impact on the public interest or an injury to the plaintiff. Specifically, Olander has not pled an actionable injury related to the fraud. Olander concedes the trustee sale, which has not yet occurred, was instituted due to his defaulting on the loan. In addition, even if FIMC's role as lender was fraudulent, Defendants cannot be held liable under the WCPA for the acts of others in connection with initiating the loan. White v. Homefield Fin., Inc., 545 F.Supp.2d 1159, 1169-70 (W.D.Wash.2008).

Since Olander fails to state a claim, the Court DISMISSES the WPCA claim.

3. TRO

a. Standard

A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., --- U.S. ----, ----, 129 S.Ct. 365, 374 (2008) (rejecting the Ninth Circuit's approval of an injunction when plaintiffs only demonstrated the "possibility" of irreparable harm); see also Alliance for Wild Rockies v. Cottrell, --- F.3d ----, No. 09-35756, 613 F.3d 960, 2010 WL 2926463, at *3-5 (9th Cir. Jul.28, 2010) (holding the Ninth Circuit's "sliding scale" approach continued to be valid after Winter).

Applying this standard for injunctive relief, the Court GRANTS Plaintiff's motion for a TRO.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 11

b.  Likelihood of Success on the Merits

As discussed above, the DTA requires a trustee and successor trustee to "act impartially between the borrower, grantor and beneficiary." RCW 61.24.010(4) (effective June 12, 2008, amended July 26, 2009 to provide that the trustee "has a duty of good faith to the borrower, beneficiary and grantor"). Under the DTA, a trustee must have proof that the beneficiary is the owner of the note or obligation secured by the deed of trust prior to the trustee sale. RCW 61.24.030(7)(a). In addition, written notice of the trustee sale must be provided by the beneficiary or the trustee. RCW 61.24.030(8).

Here, Olander has raised questions going to the merits of his DTA claim. It is unclear whether the Deed of Trust is enforceable given that the lender was defunct at the time of loan origination. If MERS were considered a nominee of the lender, the Deed of Trust may be unenforceable because Olander can assert the same defense to enforcement against MERS as he can against FIMC—i.e., breach of a fiduciary duty. If MERS were considered an independent beneficiary, listing of a defunct entity as the lender may have rendered the Deed of Trust void at inception. In sum, whether or not MERS was an independent beneficiary of the Deed of Trust or merely a nominee of FIMC, the Deed of Trust may be void.

Since there is a question as to the enforceability of the Deed of Trust, the Court finds Olander has demonstrated a likelihood of success on the merits.

c.  Irreparable Harm

Defendants do not contest Olander is in danger of irreparable harm. A trustee sale will result in the sale of Olander's home, which is not adequately compensated through an award of money damages.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 12

d.  Balance of Hardships

     The balance of hardships, likewise, tips in favor of issuing a TRO.  Defendants' financial interests can be adequately protected by requiring payments to the Court while this matter is pending, whereas Olander's interests would be substantially harmed if the trustee sale were to proceed.

                e.  Public Interest

     The public interest also tips in Olander's favor.  By enacting the DTA, the Washington state legislature provided lenders with an efficient and cost-effective means by which to foreclose on defaulted loans.  The lenders must, however, strictly comply with the procedural requirements of the DTA to ensure that homeowners are given a meaningful opportunity to correct deficiencies and are protected from competing claims and additional liabilities. See CHD, Inc. v. Boyles, 138 Wn. App. 131, 137 (2007).  Having chosen to initiate a non-judicial foreclosure process, the public interest supports a measured and substantive evaluation of the legal impact of Defendants' business practices.

                f.  Bond

     Pursuant to Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Likewise, the DTA sets forth a similar requirement. See RCW 61.24.130(1).  Under the DTA, a borrower seeking to enjoin a trustee sale is required to pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if it was not being foreclosed.  Id.

ORDER DENYING PLAINTIFF'S MOTION TO
REMAND, GRANTING PLAINTIFF'S MOTION
FOR A TEMPORARY RESTRAINING ORDER,
AND GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS- 13

1	Here, a security or bond is appropriate. The Court finds Olander's argument that the
2	DTA does not require a bond when bad faith is alleged unpersuasive. Specifically, Olander
3	mischaracterizes the holding in Bowcutt v. Delta North Star Corp., 95 Wash.App. 311, 320
4	(1999). In Bowcutt, the Washington state court waived the bond requirement when the
5	allegations included equity skimming and criminal profiteering—not just bad faith. Id. Since
6	Olander does not allege acts rising to the level of criminal profiteering, a bond in the amount
7	specified under the DTA would be appropriate, i.e., "periodic payment of principal, interest, and
8	reserves." RCW 61.24.130(1).
9	The Court ORDERS parties to meet and confer as to the appropriate monthly payment
10	amount under the DTA. The first payment shall be due into the registry of the Court on or before
11	March 30, 2011, with a similar payment made on or before the 30th of every month in which this
12	matter is pending. The funds shall be accepted into the Court's registry and placed into an
13	interest-bearing account until further order of the Court.
14	\\
15	\\
16	\\
17	\\
18	\\
19	\\
20	\\
21	\\
22	\\
23	\\
24	ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS- 14

**Conclusion**

The Court DENIES Plaintiff's motion to remand because the amount-in-controversy exceeds $75,000. Subject to Plaintiff's ability to pay a monthly bond, the Court GRANTS the motion for a TRO because there is a likelihood that the Deed of Trust is not enforceable. The TRO will automatically dissolve in fourteen (14) days. If a preliminary injunction is sought, Plaintiff must file a separate motion with the Court. The Court GRANTS in part Defendant's motion to dismiss with respect to breach of contract and claims for violations of RCW 19.86, RCW 19.144 and RCW 19.146. The Court DENIES in part Defendant's motion to dismiss with respect to RCW 61.24.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of March, 2011.

Marsha J. Pechman
United States District Judge