UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAIME M. OLANDER, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>RECONSTRUST CORPORATION, a foreign corporation, et. al.,<br><br>            Defendants. | CASE NO. C11-177 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 34.) Plaintiff did not file a response. Having reviewed the motion, the reply (Dkt. No. 37), and all related filings, the Court GRANTS Defendants' motion for summary judgment.

**Background**

Plaintiff Jamie M. Olander ("Olander") sued ReconTrust Company, BAC Home Loans Servicing LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") for violations of the Deed of Trust Act ("the DTA"), the Mortgage Broker Practices Act ("MBPA"), Washington Consumer Protection Act ("WCPA"), and breach of contract.

In April 2004, Plaintiff's wife at the time obtained a $270,750 mortgage loan (the "Loan") to finance real property located at 1014 Rucker Avenue, Everett, Washington 98201 (the "Property"). (Downs Decl., Ex. H at pp.13, 16-17, Ex. 2.) The Deed of Trust securing the Loan identifies First Independent as the Lender, Stewart Title as the Trustee, and MERS as the "Nominee for Lender's successors and assigns," and "[B]eneficiary under this security instrument. (Downs Decl., Ex. A.) Plaintiff and his then-wife are listed on the Deed of Trust; however, only Plaintiff's then-wife executed the promissory note. (Downs Decl., Ex. H at pp. 13, 16-17, Ex. 1.)

Plaintiff and his wife made payments on the Loan until 2009. (Downs Decl., Ex. H at pp. 46-47.) When payments stopped, Defendants made efforts to work with Plaintiff's wife to cure the default. (Id.) In September 2010, MERS transferred the Deed of Trust to BAC. (Downs Decl., Ex. B.) BAC then appointed ReconTrust Company as the successor trustee. (Downs Decl., Ex. C.) Foreclosure proceedings were initiated, but no foreclosure sale occurred. (Downs Decl., Ex. D; Downs Decl., Ex. H (Olander Dep. P. 8).)

Plaintiff instituted this litigation and the Court granted a temporary restraining order to halt the foreclosure sale. (Dkt. No. 21.) In granting the TRO in March 2011, the Court ordered Plaintiff to post a bond or security into the court registry. (Id.) Plaintiff has not yet posted a bond.

**Analysis**

Defendants move for summary judgment on two grounds: (1) Olander's requests for relief are now moot because no foreclosure sale occurred nor is one pending, and (2) there was no wrongdoing relating to the Loan's origination nor does Plaintiff have standing to challenge any wrongdoing. Plaintiff did not submit a response. Under Local Rule 7(b)(2), when a party fails to oppose an adverse motion, "such failure may be considered by the court as an admission that the motion has merit."

Despite Plaintiff's failure to respond, the Court recognizes its responsibility to address the merits. In doing so, the Court finds Defendants' argument persuasive. First, it is undisputed Olander's claims are now moot--no foreclosure sale took place nor is a foreclosure sale pending. Olander sued to stop a foreclosure sale scheduled for January 21, 2011. (Downs Decl., Ex. D.) The sale did not occur and by operation of law expired in May 2011. See RCW 61.24.040(6). No new Notice of Trustee's Sale has been recorded and thus, no sale of the Property is pending. (Downs Decl., ¶ 6.) To the extent Plaintiff was also suing for damages, the claim still fails. Under the Deed of Trust Act, RCW 61.24, there is no cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale has occurred. See Vawter v. Quality Loan Serv. Corp. of Wash., 707 F.Supp.2d 1115 (W.D.Wash. 2010). The Court finds Plaintiffs claims are moot.

Second, Plaintiff does have a right to challenge any wrongdoing that occurred during the Loan's origination because Plaintiff is not the borrower under the Loan. The promissory note was executed by his former wife, Pamela Olander. (Downs Decl., Ex. H pp. 13, 16-17, Ex. 1) While Plaintiff's claim is that First Independent was not a duly-licensed originator when the Loan was made, the argument is inapposite. Since Olander was not the borrower under the Loan, Defendants, did not have a fiduciary duty to Plaintiff and Plaintiff's claim fails. See RCW 19.146.095 ("A mortgage broker has a fiduciary relationship with the borrower"). Since Plaintiff submits nothing to dispute evidence that he is not the borrower, the Court finds Defendants' argument merits summary judgment.

The Court GRANTS Defendants' motion for summary judgment because there is no dispute of material fact—Olander's claims under the Deed of Trust Act are moot and he lacks standing to challenge the Loan's origination because he did not execute the Loan.

\\

**Conclusion**

The Court GRANTS Defendants' motion for summary judgment. (<u>See</u> Dkt. No. 34.)

This matter hereby is dismissed.

The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>2nd</u> day of March, 2012.

　　　　　　　　　　　　　　　　　　*/s/ Marsha J. Pechman*
　　　　　　　　　　　　　　　　　　Marsha J. Pechman
　　　　　　　　　　　　　　　　　　United States District Judge